Clarissa A. Kang, No. 210660
Dylan D. Rudolph, No. 278707
TRUCKER ✦ HUSS
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone:   (415) 788-3111
Facsimile:   (415) 421-2017
E-mail:   ckang@truckerhuss.com
           drudolph@truckerhuss.com

Attorneys for
KAISER FOUNDATION HEALTH PLAN,
INC., incorrectly named and sued as KAISER
PERMANENTE RETIREMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LIA C. JAVIER,<br><br>             Plaintiff,<br><br>vs.<br><br>KAISER PERMANENTE RETIREMENT,<br><br>             Defendant. | Case No. 3:20-cv-00725-JD<br><br>**KAISER FOUNDATION HEALTH PLAN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   March 19, 2020<br>Time:   10:00 am (PST)<br>Dept.:   Courtroom 11, 19th Floor<br>Judge:   Hon. James Donato<br><br>**[Fed. R. Civ. Pro. 12(b)]** |

-1-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; Case No. 3:20-cv-00725-JD
6700152.4

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 19, 2020 at 10:00 am (PST), or as soon thereafter as the matter may be heard before the Honorable James Donato in the United States District Court, Northern District of California, San Francisco Division, located in Courtroom 11, 19th Floor, Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Kaiser Foundation Health Plan, Inc. ("KFHP") (incorrectly named and sued as "Kaiser Permanente Retirement") will and hereby does move pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for dismissal of Plaintiff Lia C. Javier's Complaint in its entirety.

KFHP's Motion to Dismiss will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the Declarations of Maryann Khinda-Lombardo and Erika Hernandez Ruiz and exhibit(s) thereto filed concurrently herewith, on all pleadings and papers filed in this matter, and on such further argument as may be presented at the hearing on this Motion.

DATED: February 7, 2020                    TRUCKER ✦ HUSS, APC

                                           By: /s/ *Dylan D. Rudolph*
                                           Clarissa A. Kang
                                           Dylan D. Rudolph
                                           Attorneys for
                                           KAISER FOUNDATION HEALTH PLAN, INC.
                                           (incorrectly named and sued as KAISER
                                           PERMANENTE RETIREMENT)

# CIVIL LOCAL RULE 7-4(a)(3)

# STATEMENT OF ISSUES TO BE DECIDED

1. Should the Complaint filed by Plaintiff Lia C. Javier ("Plaintiff") be dismissed under Federal Rule of Civil Procedure 12(b)(5) because Plaintiff failed to properly serve Kaiser Foundation Health Plan, Inc. ("KFHP") with summons and her Complaint under the requirements of Federal Rule of Civil Procedure 4(h) and 4(e)?

2. Should Plaintiff's Complaint be dismissed under Federal Rule of Civil Procedure 12(b)(6) because her claim for breach of contract under California law is preempted under Sections 514(a) and 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1144(a) and 1132(a)?

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.   RELEVANT FACTS ..................................................................................................... 1

    A.   The Plan. ............................................................................................................ 1

    B.   Plaintiff's claim under the Plan. ........................................................................ 2

    C.   Procedural history. ............................................................................................ 4

III.   STANDARD OF REVIEW ........................................................................................... 6

    A.   Federal Rule 12(b)(5). ....................................................................................... 6

    B.   Federal Rule 12(b)(6). ....................................................................................... 6

IV.   ARGUMENT ................................................................................................................. 7

    A.   Plaintiff failed to properly name or serve KFHP with summons or the Complaint. .......................................................................................................... 7

    B.   Plaintiff's breach of contract claim is completely preempted by ERISA because she could have brought it under ERISA § 502(a). .............................. 9

V.   CONCLUSION ............................................................................................................ 12

-i-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; Case No. 3:20-cv-00725-JD

6700152.4

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

## TABLE OF AUTHORITIES

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) ................................................................... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................... 6

*Best v. Deutsche Bank Nat'l Tr. Co.*, No. EDCV162308JGBSPX, 2017 WL 6502714 (C.D. Cal. June 27, 2017) ........................................................................................................................ 7

*Brazil v. United States Dept. of Navy*, 66 F.3d 193 (9th Cir. 1995) ............................................. 6

*Cleghorn v. Blue Shield of California*, 408 F.3d 1222 (9th Cir. 2005) ................................. 10, 12

*EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041 (C.D. Cal. 2013) ................... 2

*Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138 (9th Cir. 2003) ................................................ 12

*Fifth Third Bancorp v. Dudenhoeffer*, 134 S.Ct. 2459 (2014) ..................................................... 6

*Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102 (9th Cir. 2011) .............. 11

*Gray v. Mazda Motor of Am., Inc.*, 560 F. Supp. 2d 928 (C.D. Cal. 2008) .................................. 8

*Groves v. Kaiser Found. Health Plan Inc.*, 32 F. Supp. 3d 1074 (N.D. Cal. 2014) ............... 10, 12

*Ileto v. Glock*, 349 F.3d 1191 (9th Cir. 2003) ............................................................................... 6

*Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990) ........................................................... 11

*Johnson v. Wennes*, No. 08cv1798-L(JMA), 2008 WL 4960460 (S.D. Cal. Nov. 17, 2008) ....... 6

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ............................................................ 1

*Parrino v. FHP, Inc.,* 146 F.3d 699 (9th Cir. 1998) ...................................................................... 2

*Perrotte v. Johnson*, No. 115CV00026LJOSABPC, 2016 WL 4440972 (E.D. Cal., Aug. 22, 2016) ....................................................................................................................................... 7

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) .................................................................... 11

*Ponomarenko v. Shapiro*, No. 16-cv-02763-BLF, 2017 WL 1709335 (N.D. Cal. May 3, 2017) ......... 6

*Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355 (2002). ..................................................... 11

*Salazar v. Hoefel*, No. CV0410015FMCPJWX, 2005 WL 8156295 (C.D. Cal. May 4, 2005) ........... 8

*Simon v. Kaiser Permanente Hosps.*, No. C 06-03913 SI, 2006 WL 3318094 (N.D. Cal. Nov. 15, 2006) ........................................................................................................................... 9, 12

*Toumajian v. Frailey,* 135 F.3d 648 (9th Cir.1998) .................................................................... 10

*U.S. v. Bernal–Obeso,* 989 F.2d 331 (9th Cir. 1993) .................................................................... 2

*Wasson v. Riverside County*, 237 F.R.D. 423 (C.D. Cal. 2006) ................................................... 6

*Yamaha Motor Co. v. Superior Court*, 174 Cal. App. 4th 264 (2009) ......................................... 8

**Statutes**

29 U.S.C. § 1002 ............................................................................................................. 1, 9

29 U.S.C. § 1132 ........................................................................................ 1, 4, 7, 10, 11, 12

29 U.S.C. § 1144 ............................................................................................................. 10, 12

Cal. Code Civ. Proc. § 416.10 ........................................................................................ 8

Cal. Code Civ. Proc. § 415.20 ........................................................................................ 8

Cal. Corp. Code § 1702 .................................................................................................. 8

**Rules**

Fed. R. Civ. Pro. 4 .......................................................................................................... 7, 8

Fed. R. Civ. Pro. 12 ........................................................................................ 1, 6, 12, 13

Fed. R. Evid. 201 ............................................................................................................ 2

-iii-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; Case No. 3:20-cv-00725-JD
6700152.4

## I. INTRODUCTION

The Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(5) because Plaintiff did not properly name or serve KFHP with summons or her Complaint. Plaintiff did not include a summons with this copy; Plaintiff's Complaint named "Kaiser Permanente Retirement" as the defendant, and no such entity exists; and Plaintiff neither served nor mailed a copy of summons or her Complaint to any person eligible to receive service of process on KFHP's behalf. After a KFHP employee rejected attempted service of Plaintiff's Complaint because it was directed to a non-existent entity, a process server simply left a copy of the Complaint on a desk in the visitor's center of a Kaiser Permanente building in Oakland, California. Accordingly, this Court lacks personal jurisdiction over KFHP, and the Complaint should be dismissed in its entirety.

Moreover, the Court should not allow Plaintiff to perfect service of process on KFHP, because perfecting service of process would not overcome the fundamental defect in the Complaint: Plaintiff's sole claim (for breach of contract) is preempted by ERISA. For that reason, dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6). The Kaiser Permanente Salaried Retirement Plan Supplement to the Kaiser Permanente Retirement Plan (the "Plan") is an "employee pension benefit plan" as defined under ERISA § 3(2), 29 U.S.C. § 1002(2). Plaintiff's breach of contract claim is actually a claim for benefits under the Plan. Consequently, Plaintiff could have (and was required to) bring this claim under ERISA's civil enforcement provisions, ERISA § 502(a), 29 U.S.C. § 1132(a). Plaintiff's sole claim for relief is completely preempted by ERISA, and the Complaint should be dismissed.

## II. RELEVANT FACTS

### A. The Plan.

Plaintiff was a participant in the Plan, which is sponsored and administered by KFHP. (Declaration of Maryann Khinda-Lombardo in Support of KFHP's Motion to Dismiss ["Khinda-Lombardo Dec."], ¶ 3, Ex. 1.)[1] The Plan is a component of the Kaiser Permanente Retirement Plan.

---

[1] The Court may consider the Plan documents without converting KFHP's Motion to Dismiss into a motion for summary judgment because the Complaint seeks restoration of Plan benefits and therefore necessarily relies on the terms of the Plan. *See Lee v. City of Los Angeles*, 250 F.3d 668,

-1-

(*Id.*, ¶ 4, Ex. 2.) Plaintiff is a participant in this particular component of the Kaiser Permanente Retirement Plan because of the employer group in which she was employed when she last worked for KFHP. (*Id.*, ¶ 3.)

Effective August 21, 2017, the Kaiser Permanente Retirement Plan was amended to add a new Appendix 9. (Dkt. 1, Ex. A, pp. 25-27.)[2] This Appendix 9 provided for a 2017 Special Distribution Election, whereby certain vested participants in the Plan who were no longer employed by KFHP but were not yet eligible to receive Plan benefits could elect an early distribution of their entire Plan benefit (the "Special Distribution Election"). (*Id.*)

**B. Plaintiff's claim under the Plan.**

On August 8, 2017, Plaintiff was sent a postcard announcing the Special Distribution Election opportunity. (Dkt. 1, Ex. A, p. 17.)[3] On August 18, 2017, Plaintiff was sent a hard-copy Special Distribution Program election kit, which contained instructions and forms to complete in order to receive a Special Distribution Election in the form of a single lump sum payment or monthly annuity. (*Id.*) Plaintiff was sent postcards reminding her of the Special Distribution Election opportunity on September 11 and 25, 2017. (*Id.*) These mailings provided that Plaintiff was required to make this Special Distribution Election by October 5, 2017. (*Id.*)

On October 4, 2017, Plaintiff called the Pension Election Help Desk ("Help Desk") regarding the Special Distribution Election opportunity. (*Id.*, p. 19.) Plaintiff requested an extension of the October 5 deadline, and stated that she had trouble deciding whether to make the

---

688 (9th Cir. 2001) ("a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity ... is not contested and the plaintiff's complaint necessarily relies on them.") (internal quotations omitted); *see also Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir.1998).

[2] The "court can take judicial notice of its own docket." *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1049 (C.D. Cal. 2013). *See also* Fed. R. Evid. 201(b); *U.S. v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993)).

[3] Because this copy of the Complaint is not Bates labeled, the page numbers referenced in KFHP's citations to the Complaint and its attachments track the page numbers of the docket entry.

Special Distribution Election because she was disabled. (*Id.*) Plaintiff called the Help Desk a second time on October 4 and asked if there was a way to cancel an election under the program; the Help Desk informed her that the deadline to cancel would be October 31, 2017. (*Id.*) After speaking with the Help Desk a third time on October 4, Plaintiff completed an online election kit and elected a lump sum payment under the Special Distribution Election that same day. (*Id.*)

On November 10, 2017, a check in the amount of $29,263.94 was issued to Plaintiff. (*Id.*) Out of the gross amount payable of $37,517.88, an amount of $8,253.94 was withheld from Plaintiff's lump sum payment for federal and state tax withholding. (*Id.*)

Plaintiff called the Help Desk on November 16, 2017 and stated that she believed no amount would be withheld from her lump sum payment because she was disabled, and she was not informed of an option to rollover her Plan benefits. (*Id.*) The Help Desk informed Plaintiff that all of her options were detailed in both the hard-copy election kit that she received in the mail, and the online kit that she completed to receive her lump sum distribution. (*Id.*) On January 11, 2018, Plaintiff called the Kaiser Permanente Retirement Center (the "KPRC") and stated that she believed less money would be withheld from her lump sum distribution due to her disability. (*Id.*) Plaintiff called the KPRC again on March 2, 2018 and made similar claims. (*Id.*) On March 7, 2018, Plaintiff called the KPRC again and stated that her Social Security disability benefits had been impacted by the payment. (*Id.*, pp. 19, 21.) The KPRC informed Plaintiff that it would send her a claim initiation form, which Plaintiff could use to make a benefit claim under the Plan. (*Id.*)

The Plan received Plaintiff's benefit claim on March 16, 2018. (*Id.*, p. 21.) In her claim, Plaintiff stated that she was not given adequate information by the Help Desk when she called on October 4, and she was not told to speak with a tax advisor or the Social Security Administration until after she received the lump sum payment check (which she had not yet cashed). (*Id.*) Plaintiff provided a copy of a Social Security Administration disability determination letter with her benefit claim, which detailed certain mental disorders from which she suffered.[4] (*Id.*)

---

[4] Plaintiff also attached a copy of this Social Security Administration letter to the Complaint that she left at the Kaiser visitor's center. (*See* Dkt. 1, Ex. A, pp. 9-16.)

On June 21, 2018, the Plan sent Plaintiff notice that her claim had been denied because she did not revoke her Special Distribution Election by the October 31, 2017 deadline. (*Id.*) Consequently, Plaintiff's election became irrevocable on November 1, 2017. (*Id.*) The Plan informed Plaintiff that the election kit she completed online provided that she should consult with a tax advisor, and that federal income tax would be withheld at the rate of 20% and additional state income tax may be withheld from her payment. (*Id.*) The Plan received a letter from Plaintiff's daughter on October 2, 2018, appealing this decision. (*Id.*)

On December 10, 2018, the Plan provided Plaintiff with its Notice of Decision on Appeal, which informed Plaintiff that the Kaiser Permanente Administrative Committee (the "Committee") had denied her appeal. (*Id.*, p. 17.) This letter described the history of Plaintiff's decision to participate in the Special Distribution Election and addressed the arguments that Plaintiff raised in her claim. (*Id.*) The letter noted that a participant may only elect a form of payment during an "Election Period," which is the 90-day period ending on the "Benefit Commencement Date," and that Plaintiff could only revoke her election during this Election Period. (*Id.*) Because Plaintiff's Benefit Commencement Date was November 1, 2017, she could only revoke her election up until October 31, 2017 (which was consistent with what the Help Desk told Plaintiff on the October 4, 2017 call). (*Id.*) The letter informed Plaintiff that her election was irrevocable because she had not revoked it during the Election Period. (*Id.*)

The Notice of Decision on Appeal letter further informed Plaintiff that the decision of the Committee was final, and that her appeal was the last step in the Plan's administrative appeal process. (*Id.*) The letter further explained that, if Plaintiff disagreed with the Committee's decision, she had the right to bring a civil action under ERISA § 502(a), 29 U.S.C. § 1132(a), within one year of the date of letter (i.e. by December 18, 2019). (*Id.*)

**C. Procedural history.**

On November 19, 2019, Plaintiff filed her Complaint in the Superior Court of California, County of Contra Costa. (Dkt. 1, Ex. A.) The KFHP legal department received a copy of Plaintiff's Complaint on January 3, 2020 after a process server left a copy of the Complaint in an envelope on a desk in a visitor's center of a Kaiser Permanente building in Oakland, California. (Declaration of

Erika Hernandez Ruiz ["Hernandez Dec."], ¶ 3.) An employee in the KFHP legal department rejected service of Plaintiff's Compliant because it was not addressed to a proper entity. (*Id.*) Plaintiff's Complaint named "Kaiser Permanente Retirement" as a defendant, and there is no such entity. (*Id.*) The process server, however, refused to accept the rejection and walked away leaving the document behind. (*Id.*) This copy did not include a summons. (*Id.*) KFHP is not aware that Plaintiff served or mailed her summons or Complaint on or to: any president or other head of KFHP, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, any other KFHP officer, a managing or general agent, or any other person that KFHP designated as its agent for service. (*Id.*, ¶ 4.)

Plaintiff's Complaint asserts one claim for relief based on alleged breach of contract. (Dkt. 1, Ex. A, Section 8.) In her prayer for judgment, Plaintiff seeks, as relief, "Retirement re-instated." (*Id.*, Section 10.) Plaintiff's Complaint provided that a copy of a purported written contract between her and an unspecified party was attached to her Complaint as Exhibit A (no such contract was actually attached), and that the essential terms of this contract were:

> Proof of Disability
> Proof of uncashed check
> Proof of denial letter from Kaiser Permanente / Kaiser has audio of conversation explaining I was mentally disabled.

(*Id.*, Section BC-1.) Regarding the alleged breach of contract, Plaintiff's Complaint stated,

> Lia C Javier is Mentally Disabled, Kaiser gave her access to her Retirement fund, but not under the disabled contract that Kaiser has. There are recorded calls letting Kaiser's contracted company know that she was mentally disabled.

(*Id.*, Section BC-2.) Plaintiff neither attached nor explained the basis for her statement that KFHP had a "disabled contract." (*Id.*) Plaintiff alleged that she suffered damages in the form of "taxes, loss of Retirement, and disabled help with Retirement Plan," and that she "wants to be re-instated in Retirement through Kaiser Permanente." (*Id.*, Sections BC-4, BC-6.)

Plaintiff also provided a "Common Counts" attachment to her Complaint, even though the Complaint only asserts one claim for alleged breach of contract. (*See id.*, p. 2, Section 8, versus p. 5.) In this attachment, Plaintiff alleges that an unspecified defendant became indebted to her within the last two years for money had and received in the sum of $29,263.94, which is consistent with

-5-

the lump sum payout Plaintiff received under the Special Distribution Election. (*Id.*, Section CC-1(b).)  Plaintiff noted that she had not yet cashed this check. (*Id.*)  Additionally, Plaintiff noted that the reasonable value of "over $100,000 [and] continuing toward retirement years" was due and unpaid to Plaintiff. (*Id.*, Section CC-2.)  Plaintiff does not allege any support for this claim. (*Id.*)

KFHP filed its Notice of Removal on January 31, 2020. (Dkt. 1.)  On this same day, KFHP mailed Plaintiff a copy of its Notice of Removal with the papers filed in this Court, then filed this Notice to Plaintiff in the Superior Court of California, County of Contra Costa. (Dkt. 6.)

### III.    STANDARD OF REVIEW

#### A. Federal Rule 12(b)(5).

A motion under Federal Rule 12(b)(5) "is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006).  Federal Rule 12(b)(5) "allows the defendant to attack the manner in which service was, or was not, attempted." *Ponomarenko v. Shapiro*, No. 16-cv-02763-BLF, 2017 WL 1709335, at *2 (N.D. Cal. May 3, 2017).  "When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4." *Id.*

#### B. Federal Rule 12(b)(6).

District Courts are charged with carefully reviewing complaints in ERISA cases to separate the "plausible sheep from the meritless goats." *Fifth Third Bancorp v. Dudenhoeffer*, 134 S.Ct. 2459, 2470-71 (2014).  In so doing, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss under Federal Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

KFHP recognizes that Plaintiff is proceeding *pro se*, and she will be held to a less stringent standard than that which applies to litigants represented by counsel. *See Johnson v. Wennes*, 2008 WL 4960460, *3 (S.D. Cal. Nov. 17, 2008).  However, the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every pro se complaint even if it is incoherent, rambling, and unreadable." *Id.  See, e.g., Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a pro se litigant… may be entitled to great leeway when

the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong").

## IV. ARGUMENT

The Complaint should be dismissed for two independent reasons: (1) Plaintiff failed to properly name and serve KFHP with summons and the Complaint, so this Court lacks personal jurisdiction over KFHP; and (2) Plaintiff's sole claim for breach of contract is preempted by ERISA because it is duplicative of a claim to recover benefits due under the terms of a plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan, all of which could have been asserted under ERISA § 502(a)'s civil enforcement provisions.

### A. Plaintiff failed to properly name or serve KFHP with summons or the Complaint.

Plaintiff has not met the requirements of Federal Rule of Civil Procedure 4(h)(1), which provides that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant …

Fed. R. Civ. Pro. 4(h). "Strict compliance with Federal Rules of Civil Procedure 4 governing service of process on a defendant is required in order to ensure due process." *Perrotte v. Johnson*, No. 115CV00026LJOSABPC, 2016 WL 4440972, at *4 (E.D. Cal., Aug. 22, 2016).

Under Federal Rule 4(e), "a plaintiff may serve an individual defendant under any method permitted by the law of the state in which the district court is located, or in which service is affected." *Best v. Deutsche Bank Nat'l Tr. Co.*, No. EDCV162308JGBSPX, 2017 WL 6502714, at *2 (C.D. Cal. June 27, 2017). "California law provides for three basic methods of service: (1) personal service; (2) substitute service; and (3) service by mail." *Id.* (internal citations omitted). "As to corporations, California law provides that a corporation may be served through two relevant methods: (a) [t]o the person designated as agent for service of process," or "(b) [t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant

-7-

secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." *Id.* (citing Cal Civ. Proc. Code § 416.10(a)-(b)).

Regarding personal service, "a summons may be served on a corporation by delivering a copy of the summons and the complaint to the person designated as agent for service of process." *Yamaha Motor Co. v. Superior Court*, 174 Cal. App. 4th 264, 272 (2009) (internal quotations omitted). "California law provides that a corporation may be personally served by service on its general manager." *Gray v. Mazda Motor of Am., Inc.*, 560 F. Supp. 2d 928, 931-32 (C.D. Cal. 2008) (citing Cal. Code Civ. Proc. § 416.10).

Regarding substitute service,

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10 ... a summons may be served [1] by leaving a copy of the summons and complaint during usual office hours in his or her office ... with the person who is apparently in charge thereof, and [2] by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

*Id.* (citing Cal. Code Civ. Proc. § 415.20).

"Additionally, a court may order service be made upon a corporation through the Secretary of State." *Id.* (citing Cal. Corp. Code § 1702).

Here, Plaintiff completed none of these three methods of service. In *Salazar v. Hoefel*, No. CV0410015FMCPJWX, 2005 WL 8156295, at *3 (C.D. Cal. May 4, 2005), a case with analogous facts, the district court concluded service on a corporation was insufficient where the "Proof of Service claims that a copy of the summons and complaint was left with a woman, 'Jane Doe Salazar.'" In reaching this conclusion, the court noted that, under Fed. R. Civ. Pro. 4(h), "a corporation may be served in a manner consistent with state law or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." *Id.* (internal quotations omitted). Having concluded that "'Jane Doe Salazar' is not evidently any of these people," the court held that "personal service was ineffective." *Id.* The same conclusion is appropriate in this case.

Plaintiff's attempt to serve KFHP by merely leaving a copy of her Complaint on a desk in the visitor's center of a Kaiser Permanente building in Oakland, California fell far short of the strict service requirements under Federal Rule 4 and California law.  First, Plaintiff's Complaint named "Kaiser Permanente Retirement" as the defendant in her lawsuit, but no such entity exists. (Hernandez Dec., ¶ 4.)  Second, Plaintiff did not include a summons with the copy of her Complaint. (*Id.*)  Third, the copy of Plaintiff's Complaint was not served on any person who could validly accept service on KFHP's behalf under either federal or California law. (*Id.*, ¶ 5.) Accordingly, proper service was never made upon KFHP, and KFHP is not subject to personal jurisdiction of this Court.  On this basis, Plaintiff's Complaint should be dismissed in its entirety.

**B. Plaintiff's breach of contract claim is completely preempted by ERISA because she could have brought it under ERISA § 502(a).**

Providing Plaintiff with an opportunity to perfect service on KFHP would be futile, because the Complaint fails to state a claim upon which relief can be granted.  Plaintiff's sole claim relates to benefits and alleged rights to benefits under an ERISA plan, and it is therefore completely preempted by ERISA.  The Plan, which provides retirement benefits of participants as a component to the Kaiser Permanente Retirement Plan (*see* Lombardo Dec., Exs. 1, 2), falls squarely within ERISA's definition of an "employee pension benefit plan," which is defined under ERISA to mean:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program--
> (i) provides retirement income to employees, or
>
> (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,
>
> regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A).

In *Simon v. Kaiser Permanente Hosps.*, No. C 06-03913 SI, 2006 WL 3318094, at *4 (N.D. Cal. Nov. 15, 2006), a court in this district concluded that claims concerning benefits under the **same** Kaiser retirement plan at issue in this lawsuit were preempted by ERISA.  In *Simon*, the district court noted that "state laws are preempted by ERISA (1) where there is an 'employee

-9-

benefit plan' as defined by ERISA and (2) the state law "relates to" the ERISA plan." *Id.* (citing *Toumajian v. Frailey,* 135 F.3d 648, 654 (9th Cir.1998)).  The *pro se* plaintiffs in *Simon* asserted claims under the Plan, which the court determined was "an employee benefit plan" under ERISA. *Id.* In holding that the claims in *Simon* were preempted, the court reasoned that, "[b]ecause adjudication of the [plaintiffs'] claim would necessarily depend upon interpretation of the plan, the [] claim relates to a plan governed by ERISA." *Id. See also Groves v. Kaiser Found. Health Plan Inc.*, 32 F. Supp. 3d 1074, 1077 (N.D. Cal. 2014) (where the court recognized that the "parties do not dispute that ERISA governs the subject Plan" in a case involving the Kaiser Permanente Salaried Retirement Plan).  The same conclusion is required in this case because Plaintiff's breach of contract claim also relates to benefits under the Plan.

Having established that Plaintiff's claim relates to an ERISA plan, the Court should find that her breach of contract claim is preempted by ERISA because it could have been brought under ERISA's civil enforcement provisions.[5]  ERISA's preemption power is broad, and it "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a).  There are two preemption provisions of ERISA, § 514(a) and § 502(a), as articulated by the Ninth Circuit in *Cleghorn v. Blue Shield of California*:

> First, ERISA section 514(a) expressly preempts all state laws "insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a), but state "laws . . . which regulate insurance[]" are saved from this preemption.
>
> Second, ERISA section 502(a) contains a comprehensive scheme of civil remedies to enforce ERISA's provisions.  See 29 U.S.C. § 1132(a).  A state cause of action that would fall within the scope of this scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme, even if those causes of action would not necessarily be [expressly] preempted by section 514(a).

408 F.3d 1222, 1225 (9th Cir. 2005).

---

[5] As stated above, Plaintiff provided a "Common Counts" attachment to her form Complaint, wherein she claimed that an unspecified defendant was indebted to her in an amount of "over $100,000 [and] continuing toward retirement." (Dkt. 1, Ex. A, p. 5.)  Plaintiff's Complaint, however, only states one claim for relief for alleged breach of contract (*see id.,* p. 2), so KFHP's Motion will only address Plaintiff's single live claim.  Nevertheless, even if the Court were to consider this "Common Counts" attachment as creating a separate claim for relief, such a claim would still be completely preempted by ERISA for the same reason that Plaintiff's breach of contract claims is preempted – because both claims relate to Plan benefits.

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

State law claims, like the breach of contract claim Plaintiff asserts in her Complaint, are completely preempted, conferring exclusive federal jurisdiction supporting removal or denial of remand, if they "could have been brought" under § 502(a) and do not "arise independently of ERISA or the plan terms." *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 201 (2004); *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1109 (9th Cir. 2011) (applying two-part *Davila* test to analyze federal jurisdiction). Because Plaintiff's breach of contract claim is actually a claim for benefits under an ERISA plan, she must assert it under ERISA § 502(a)'s civil enforcement provisions. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987).

The logic behind ERISA § 502(a) preemption is simple: any claims that can be brought under ERISA § 502 must be brought under ERISA § 502 and are limited to ERISA § 502 remedies. *See Pilot Life*, 481 U.S. at 53; *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990) ("Congress intended § 502(a) to be the exclusive remedy for rights guaranteed under ERISA. . . ."). As the Supreme Court held in *Pilot Life*, Congress intended § 502(a) to be "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objections of Congress." 481 U.S. at 53. It explained:

> In sum, the detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

*Id.* at 54. The U.S. Supreme Court has continued to reference "*Pilot Life*'s categorical bar" for "state laws held to be incompatible with ERISA's enforcement scheme." *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 381-82 (2002).

Once a court determines that removal is proper under ERISA § 502(a), as it was in this case, it conducts a three-part analysis on the merits of the plaintiff's state law claim to determine whether the state law claim warrants dismissal because is preempted by ERISA. First, the court must determine whether the state law conflicts with the exclusive civil enforcement provisions of ERISA § 502(a). *See Pilot Life*, 481 U.S. at 54; *Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1147 (9th

-11-

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; Case No. 3:20-cv-00725-JD
6700152.4

Cir. 2003). If the court determines that the answer to this question is "yes" then the analysis ends because preemption under ERISA § 502 is not subject to the Savings Clause, and the state law claim is preempted on the merits.[6]

Here, the Court's analysis ends at the first stage of this test because Plaintiff's sole breach of contract claim is premised on a denial of a benefits claim under an ERISA plan and, therefore, conflicts with the exclusive civil enforcement provisions of ERISA § 502(a). (Dkt. 1, Ex. A, Section 8.) Under this claim, Plaintiff seeks relief in the form of "Retirement re-instated." (*Id.*, Section 10.) To support this request, Plaintiff relies on the benefit distribution check that she received from the Plan and the Notice of Decision on Appeal letter that Plaintiff received from the Committee regarding her claim for Plan benefits. (*Id.*, Section BC-1.) And, her allegations include claims that "Kaiser gave [Plaintiff] access to her Retirement fund." (*Id.*, Section BC-2.) Plaintiff further alleged that she suffered damages in the form of "taxes, loss of Retirement, and disabled help with Retirement Plan," and that she "wants to be re-instated in Retirement through Kaiser Permanente." (*Id.*, Sections BC-4, BC-6.) Although styled as a breach of contract claim, Plaintiff's claim is actually one for benefits under the Plan. Like the plaintiffs in *Simon*, 2006 WL 3318094 and *Groves,* 32 F. Supp. 3d 1074, Plaintiff's only claim for relief seeks benefits under an ERISA plan, and her claim is therefore completely preempted by ERISA. Accordingly, her Complaint should be dismissed in its entirety.

## V. CONCLUSION

Plaintiff never properly served KFHP with summons or her Complaint, so this Court lacks personal jurisdiction over KFHP, and Plaintiff's claim should be dismissed under Federal Rule 12(b)(5). Plaintiff should not be given leave to perfect service of process because such an

---

[6] The remaining two parts of the three-part preemption analysis are not relevant. For the Court's information, they are as follows: Second, even if the state law claim is not preempted under ERISA § 502(a), the court must determine if the state law is preempted by ERISA § 514(a), which expressly preempts state laws "insofar as they may now or hereafter relate to [ERISA plans]." Third, the court must determine whether the state law can be exempted from preemption under the Saving Clause of § 514(b)(2)(A) which "saves" a state law related to ERISA plans if it is a law "which regulat[e] insurance, banking, or securities[.]" *Cleghorn*, 408 F.3d at 1225 (quoting ERISA § 514(b)(2)(A), 29 U.S.C. 1144(b)(2)(A)). However, even if the Savings Clause applies to a state law, the state law cannot overcome preemption if it fails the first part of the test – *i.e.* it conflicts with the federal statutory enforcement mechanism under ERISA § 502(a).

opportunity would be futile. Plaintiff's breach of contract claim involves benefits under an ERISA plan and is, therefore, completely preempted by ERISA. Because Plaintiff's claim is completely preempted, her Complaint should be dismissed under Federal Rule 12(b)(6) in its entirety.

DATED: February 7, 2020   TRUCKER ✦ HUSS

By: /s/ *Dylan D. Rudolph*
Clarissa A. Kang
Dylan D. Rudolph
Attorneys for
KAISER FOUNDATION HEALTH PLAN, INC.
(incorrectly named and sued as KAISER PERMANENTE RETIREMENT)