Clarissa A. Kang, No. 210660
Dylan D. Rudolph, No. 278707
TRUCKER ✦ HUSS
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone:   (415) 788-3111
Facsimile:   (415) 421-2017
E-mail:   ckang@truckerhuss.com
          drudolph@truckerhuss.com

Attorneys for
KAISER FOUNDATION HEALTH PLAN,
INC., incorrectly named and sued as KAISER
PERMANENTE RETIREMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| LIA C. JAVIER,<br><br>    Plaintiff,<br><br>    vs.<br><br>KAISER PERMANENTE RETIREMENT,<br><br>    Defendant. | Case No. 3:20-cv-00725-JD<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO KAISER FOUNDATION HEALTH PLAN, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(Hearing Date Vacated, Dkt. 17)<br><br>Judge: Hon. James Donato<br><br>**[Fed. R. Civ. Pro. 12(b)]** |

**I.     INTRODUCTION**

In her Opposition (Dkt. 15; the "Opposition"), Plaintiff Lia Javier does not address or dispute that (1) she failed to properly name or serve Kaiser Foundation Health Plan, Inc. ("KFHP") with a summons and her Complaint (Dkt. 1-1) or (2) her sole claim for breach of contract is completely preempted by ERISA.[1]  As detailed in the Motion to Dismiss (Dkt. 11; the "Motion"), either of these fatal flaws warrants dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b).  Instead of addressing these deficiencies, Plaintiff's Opposition recites allegations about the substance of her claims.  These allegations are inapposite in response to the Motion, but they contain telling admissions that the relief Plaintiff seeks is to be reinstated in the Kaiser Permanente Salaried Retirement Plan Supplement to the Kaiser Permanente Retirement Plan (the "Plan").  Because Plaintiff admits that her breach of contract claim seeks relief under the Plan, she confirms that this claim could have been asserted under ERISA's civil enforcement provisions and is, therefore, completely preempted by ERISA.

Moreover, Plaintiff's Opposition includes further admissions that demonstrate that amending her pleadings to assert claims under ERISA would be futile.  Namely, Plaintiff admits that she was aware of (i.e. informed about) and failed to abide by requirements under the Plan that she revoke the benefit election at issue in this lawsuit by October 31, 2017.  Plaintiff's failure to revoke her election by this deadline was the basis of the decision by the Kaiser Permanente Administrative Committee (the "Committee") to deny Plaintiff's benefits claim.  These admissions demonstrate that Plaintiff will not be able to support any viable claims under ERISA, and that it would be futile to give Plaintiff an opportunity to amend her pleadings. Plaintiff's Complaint, therefore, should be dismissed without leave to amend.

**II.    ARGUMENT**

In support of its Motion, KFHP described the Plan, Plaintiff's participation in the Plan, her decision to elect a lump sum payout of her Plan benefits under the 2017 Special Distribution Election, and her benefits claim and appeal. (Dkt. 11, pp. 1:21-4:23.)  To the extent they are

---

[1] ERISA stands for the Employee Retirement Income Security Act of 1974, as amended.

1

relevant, KFHP incorporates these facts by reference.

**A. Plaintiff does not dispute that she failed to properly name or serve KFHP with a summons or her Complaint.**

Plaintiff's Opposition does not address the fatal flaws, described in KFHP's Motion, with Plaintiff's failed attempt to complete service of process on KFHP under the requirements of Federal Rule of Civil Procedure 4(h)(1). "A federal court has jurisdiction over a defendant only if the defendant has been properly served under Fed. R. Civ. P. 4." *Garcia v. Doe White Trucking Co.*, No. 20-CV-00134-SI, 2020 WL 1156911, at *1 (N.D. Cal. Mar. 10, 2020) (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). As described in KFHP's Motion, "[s]trict compliance with Federal Rules of Civil Procedure 4 governing service of process on a defendant is required in order to ensure due process." *Perrotte v. Johnson*, No. 115-CV-00026-LJOSABPC, 2016 WL 4440972, at *4 (E.D. Cal. Aug. 22, 2016). "Under Fed. R. Civ. P. 4(e), an individual may be served following the law of the state where the district court is located or where service is made." *Fed. Trade Comm'n v. Bus. Team, LLC*, 654 F. App'x 288 (9th Cir. 2016).

"California law provides for three basic methods of service: (1) personal service; (2) substitute service; and (3) service by mail." *Best v. Deutsche Bank Nat'l Tr. Co.*, No. ED-CV-162308-JGBSPX, 2017 WL 6502714, at *2 (C.D. Cal. June 27, 2017) (internal citations omitted). "As to corporations, California law provides that a corporation may be served through two relevant methods: (a) [t]o the person designated as agent for service of process," or "(b) [t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." *Id.* (citing Cal Civ. Proc. Code § 416.10(a)-(b)).

Plaintiff's Opposition does not assert that she completed any of these methods of service; she did not. As detailed in KFHP's Motion, Plaintiff attempted to serve KFHP by merely leaving a copy of her Complaint on a desk in the visitor's center of a Kaiser Permanente building. (Dkt. 11, pp. 8:18-9:9.) The Complaint named "Kaiser Permanente Retirement" as the defendant in her

2

lawsuit, but no such entity exists. (Dkt. 11-2, ¶ 4.) Plaintiff did not include a summons with the copy of her Complaint, and she did not serve her Complaint on any person who could validly accept service on KFHP's behalf under either federal or California law. (*Id.*, ¶¶ 4, 5.) In light of these deficiencies, KFHP was never properly served, it is not subject to personal jurisdiction of this Court, and Plaintiff's Complaint should be dismissed. *See Salazar v. Hoefel*, No. CV-0410015-FMCPJWX, 2005 WL 8156295, at *3 (C.D. Cal. May 4, 2005) (holding that "personal service was ineffective" where the plaintiff failed to name and serve the proper entity).

Plaintiff claims that, after she appealed the denial of her benefits claim, she was "told to take it to court, but never said where, no info, or addresses, so [she] went by the address that was on the denial paperwork." (Dkt. 15, p. 5.) And, she continues, this "paperwork … gives no info of how to contact them (Kaiser)…" (*Id.*) This statement is incorrect. The letterhead of the *Notice of Decision on Appeal* letter, to which Plaintiff refers as the "paperwork" regarding her appeal, expressly identified "Kaiser Permanente Administrative Committee c/o Kaiser Foundation Health Plan, Inc." as the entity sending that letter and provided the address for KFHP. (Dkt. 1-1, p. 18.)[2] In any event, Plaintiff further states that KFHP "wants to dismiss because wrong place [sic] received lawsuit. That's not fair." (*Id.*)

These statements do not address or dispute KFHP's arguments regarding why Plaintiff failed to properly serve KFHP with her Complaint by any of the means specified under federal and California law. Plaintiff has, therefore, abandoned any claim that she properly served summons or her Complaint on KFHP. *See, e.g., Doubt v. NCR Corp.*, 668 F. App'x 238, 239–40 (9th Cir. 2016) ("waiver would also have been an appropriate ground for granting summary judgment" because the plaintiff's "brief in opposition to summary judgment was woefully inadequate, containing only two

---

[2] "A court may … consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). And the "court can take judicial notice of its own docket." *EduMoz, LLC v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1049 (C.D. Cal. 2013). *See also* Fed. R. Evid. 201(b); *U.S. v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993)). As was the case with citations in KFHP's Motion, these documents are not Bates labeled, so the page numbers referenced in KFHP's citations track the page numbers of the docket entry.

3

pages of cursory legal argument"); *Papasan v. Dometic Corp.*, No. 16-CV-02117-HSG, 2017 WL 4865602, at *18 (N.D. Cal. Oct. 27, 2017) (finding that, in response to a motion to dismiss, the "opposition does not respond to this argument" and the "court construes this silence as a concession"); *Linder v. Golden Gate Bridge, Highway & Transp. Dist.*, No. 4:14-cv-03861 SC, 2015 WL 4623710, at *4 (N.D. Cal. Aug. 3, 2015) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment"); *GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 1190651, at *5 (N.D. Cal. Mar. 21, 2013) (finding "Plaintiff has failed to oppose Defendant's motion in this regard, which the Court construes as a concession"). Based on the failures in Plaintiff's attempted service and her failure to address or dispute these deficiencies, her Complaint should be dismissed.

**B. Plaintiff's Opposition confirms that her claims are preempted by ERISA.**

It would be futile to allow Plaintiff to perfect service on KFHP because Plaintiff's breach of contract claim is completely preempted by ERISA. Plaintiff's Opposition does not dispute that the Plan is an ERISA plan. (Dkt. 15.) As described in KFHP's Motion, the Plan falls squarely within the definition of an "employee pension benefit plan" under ERISA, which is consistent with findings by other courts in this district in cases involving the Plan. S*ee Simon v. Kaiser Permanente Hosps.*, No. C 06-03913 SI, 2006 WL 3318094, at *4 (N.D. Cal. Nov. 15, 2006) (holding that "state laws are preempted by ERISA (1) where there is an 'employee benefit plan' as defined by ERISA and (2) the state law 'relates to' the ERISA plan," and finding that the Plan was "an employee benefit plan" under ERISA); *Groves v. Kaiser Found. Health Plan Inc.*, 32 F. Supp. 3d 1074, 1077 (N.D. Cal. 2014) (recognizing that the "parties do not dispute that ERISA governs the subject Plan" in a case involving the Plan). The fact that the Plan is as an ERISA plan is now well-established and not in dispute.

In her Opposition, Plaintiff confirms that the relief that she seeks in this lawsuit is to "get [KFHP] to forfeit the check in the amount of $29,263.94" in Plan benefits, and "to be reinstated" in the Plan. (Dkt. 15, p. 2.) Thus, her claim could have been asserted under ERISA's civil enforcement provisions and is, therefore, completely preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987); ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ("A civil

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

action may be brought (1) by a participant or beneficiary … (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"). Any claims that can be brought under ERISA § 502 must be brought under ERISA § 502 and are limited to ERISA § 502 remedies. *See Pilot Life*, 481 U.S. at 53*; Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990) ("Congress intended § 502(a) to be the exclusive remedy for rights guaranteed under ERISA…").

Moreover, Plaintiff's Opposition does not address or dispute that Plaintiff's claims are preempted by ERISA. In fact, Plaintiff argues that she was "denied … when tried to appeal and told … to take it to court." (Dkt. 15, p. 5.) These arguments, again, refer to the *Notice of Decision on Appeal* letter that Plaintiff attached to her Complaint. (Dkt. 1-1, pp. 18-24.) The portion of the appeal letter that informed Plaintiff that the Committee's decision was final and the last step in the administrative appeals process under the Plan also informed Plaintiff that she had "the right to bring a civil action under Section 502(a) of ERISA…" (*Id.*, p. 24.) Plaintiff cannot both rely on this letter to support her claims, yet ignore the plain language informing her of her rights *under ERISA* if she disagreed with the Committee's decision. And Plaintiff's failure to address or dispute these preemption arguments waives her right to contest ERISA preemption in this lawsuit. *See Doubt*, 668 F. App'x at 239-40; *Papasan*, 2017 WL 4865602, at *18; *Linder*, 2015 WL 4623710, at *4; *GN Resound A/S*, 2013 WL 1190651, at *5. Plaintiff's Complaint should be dismissed because her sole claim for breach of contract is completely preempted by ERISA.

**C. Allowing Plaintiff to amend her Complaint to assert a claim under ERISA § 502(a) would be futile because her Opposition makes admissions that are fatal to such a claim.**

Plaintiff's Opposition contains admissions that establish that amendment of the Complaint to assert ERISA claims would be futile because Plaintiff has no viable claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). [3] Plaintiff's Opposition claims that, in connection with her decision to elect the lump sum pension payout, Plaintiff was informed by a pension help center that

---

[3] Because Plaintiff's lawsuit seeks is reinstatement under the Plan, the only viable potential claim she could assert would be a benefit claim under ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), which allows participants of an ERISA plan to seek plan benefits.

5

she "could change [her] mind in 30 days." (Dkt. 15, p. 3.)  While Plaintiff claims that she called this help center back to "ask for help before the deadline," she does *not* claim that she misunderstood this requirement or revoked her benefit election before this deadline. (*Id.*)  Plaintiff further claims that she contacted her "tax person" who allegedly informed her that the deadline for her to revoke her benefits election had already passed, thereby admitting that she did not revoke her benefit election within the required time period. (*Id.*, p. 4.)

As provided in the *Notice of Decision on Appeal* letter attached to Plaintiff's Complaint, the Committee denied Plaintiff's claim because she "did not revoke [her] election within the period of time prescribed by the Plan…" (Dkt. 1-1, p. 22.)  The Plan provides that a participant may only revoke his or her election during the benefit election period, which is the period ending on the participant's "Benefit Election Date" that was, in this case, November 1, 2017 (i.e. Plaintiff was required to revoke her election by October 31, 2017). (*Id.*, pp. 22, 24) (citing Dkt. 1-1, p. 26, Section 8.1(c) of the Plan).  On an October 4, 2017 telephone call with a pension help center representative, Plaintiff "asked if there was a way to cancel an election to participate" in the offer to receive a lump sum payout of her pension benefits. (*Id.*, p. 20.)  The help desk representative informed Plaintiff that "the deadline to cancel an election would be October 31." (*Id.*)  This is consistent with the admission in Plaintiff's Opposition that she was informed about and understood this applicable deadline. (*See* Dkt. 15, p. 3 [acknowledging that the retirement center told her that she "could change [her] mind in 30 days"].)  Plaintiff, however, further admits that she failed to revoke her election by October 31 because she was informed that the "deadline was already passed" when she spoke with her "tax person" about the election. (*Id.*, p. 4.)

The Committee denied Plaintiff's benefit claim and appeal because she failed to revoke her benefit election by the October 31 deadline. (Dkt. 1-1, p. 24.)  While Plaintiff's Opposition recounts her mental disabilities, Plaintiff admits that she was informed about this deadline, and she does not dispute her understanding of this deadline or that she failed to revoke her election by this deadline.[4]

---

[4] While KFHP is aware of the serious nature of Plaintiff's mental disabilities, based on the information in the Social Security Administration letter attached to Plaintiff's Complaint, these ailments appear to be emotional and not cognitive in nature. (Dkt. 1-1, p. 12.)  Accordingly, while

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

1  Accordingly, even if Plaintiff were granted leave to amend her Complaint to assert a claim under

2  ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), that claim would fail, because the

3  reasonableness of the Committee's decision to deny Plaintiff's claim and appeal on the basis that

4  she did not revoke her election by the deadline (as required by the Plan's terms) will be the

5  determinative issue, and Plaintiff now concedes that she did not revoke her election by the

6  deadline.[5]

7  The Court may dismiss Plaintiff's Complaint without leave to amend where amendment

8  would be futile in light of admissions in Plaintiff's Opposition. *See, e.g., Cruz v. Select Portfolio*

9  *Servicing, Inc.*, No. 19-CV-00283-LHK, 2019 WL 2299857, at *10 (N.D. Cal. May 30, 2019)

10 (holding "amendment would be futile because Plaintiffs openly admit" a fact fatal to their claim,

11 and that "it would be unduly prejudicial to Defendants to require Defendants to continue to litigate a

12 claim that fails as a matter of law"); *Harrell v. City of Gilroy*, No. 17-CV-05204-LHK, 2019 WL

13 452039, at *11 (N.D. Cal. Feb. 5, 2019) (finding the plaintiff admitted a fact that "will not change

14 between now and a [further amended complaint], which renders any amendment futile") (citing

15 *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008)). Accordingly, Plaintiff's

16 Complaint should be dismissed, without leave to amend.[6]

17 **III.   CONCLUSION**

18 Plaintiff's Opposition does not address or dispute that she failed to serve process upon

19 KFHP, or that her sole claim for relief is completely preempted by ERISA. In fact, Plaintiff

20 confirms that her claims are completely preempted by ERISA because the relief she seeks is

21 reinstatement under an ERISA plan. Accordingly, KFHP respectfully requests that the Court grant

---

serious, there is no indication that Plaintiff suffers from any cognitive impairment that would render her unable to understand that she was required to revoke her election within the necessary period.

[5] Under such a claim, the Court would be tasked with determining whether the Committee abused its discretion in denying Plaintiff's benefit claim. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 673 (9th Cir. 2011).

[6] KFHP's Proposed Order Granting its Motion (Dkt. 11-6) did not include a proposed order dismissing this lawsuit *without leave to amend* because, at that the time KFHP filed its Proposed Order, it had not yet received Plaintiff's Opposition with these admissions regarding her understanding of the revocation deadline. KFHP will file a revised Proposed Order to include this provision if requested by the Court.

7

REPLY TO PLAINTIFF'S OPPOSITION TO KAISER FOUNDATION HEALTH PLAN, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; Case No. 3:20-cv-00725-JD
6719468.4

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

1  its Motion, and dismiss Plaintiff's Complaint in its entirety. Moreover, it would be futile to allow

2  Plaintiff to amend the Complaint to assert a claim under ERISA § 502(a)(1)(B), 29 U.S.C. §

3  1132(a)(1)(B) because she admits that she was informed about the applicable deadline to revoke her

4  benefit election and that she failed to revoke her election by this deadline. Even if Plaintiff were

5  able to assert a claim under ERISA § 502(a)(1)(B), any such claim would fail because Plaintiff has

6  admitted the underlying basis for the Committee's decision to deny her claim. For these reasons,

7  Plaintiff's Complaint should be dismissed, without leave to amend.

10  DATED: April 17, 2020                           TRUCKER ✦ HUSS

By: /s/ *Dylan D. Rudolph*
   Clarissa A. Kang
   Dylan D. Rudolph
   Attorneys for
   KAISER FOUNDATION HEALTH PLAN, INC.
   (incorrectly named and sued as KAISER
   PERMANENTE RETIREMENT)

# **CERTIFICATE OF SERVICE**

I, Michelle Ayala, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am employed in the City and County of San Francisco, California. My business address is One Embarcadero Center, 12th Floor, San Francisco, California 94111. On the date indicated below, I served the within:

**REPLY TO PLAINTIFF'S OPPOSITION TO KAISER FOUNDATION HEALTH PLAN, INC.'S MOTION TO DISMISS**

☑ **BY ELECTRONIC MAIL**: Pursuant to the Parties' agreement to electronic service, on the above-mentioned date, I served a full and complete copy of the above-referenced document[s] by electronic mail to the person[s] at the email address[es] indicated.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Certificate of Service was executed by me on April 17, 2020, at San Francisco, California.

/s/ *Michelle Ayala*
Michelle Ayala