1  Clarissa A. Kang, No. 210660
2  Dylan D. Rudolph, No. 278707
   Catherine L. Reagan, No. 327702
3  TRUCKER ✦ HUSS
   A Professional Corporation
4  One Embarcadero Center, 12th Floor
   San Francisco, CA  94111
5  Telephone:      (415) 788-3111
   Facsimile:       (415) 421-2017
6  E-mail:           ckang@truckerhuss.com
7                        drudolph@truckerhuss.com
                         creagan@truckerhuss.com
8
   Attorneys for KAISER FOUNDATION
9  HEALTH PLAN, INC., incorrectly named
   and sued as KAISER PERMANENTE
10 RETIREMENT

11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                    (SAN FRANCISCO DIVISION)

15 LIA C. JAVIER,                          Case No. 3:20-cv-00725-JD

16                 Plaintiff,               **JOINT CASE MANAGEMENT
                                            STATEMENT**
17       vs.
                                            Judge:  Hon. James Donato
18 KAISER PERMANENTE RETIREMENT,

19                 Defendant.               Joint Case Management Conference
20                                          Date:   May 14, 2020
                                            Time:   10:00 a.m.
21

22

23

24

25

26

27

28

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

-1-

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

1    Plaintiff Lia C. Javier ("Plaintiff") and Kaiser Foundation Health Plan, Inc. ("KFHP")

2    submit this Joint Case Management Statement and Proposed Order in accordance with Rule 26 of

3    the Federal Rules of Civil Procedure, the Standing Order for All Judges of the Northern District of

4    California dated November 1, 2018, Civil Local Rule 16-9, and the Court's Reassignment Order

5    Setting CMC (Dkt. 10).

6    **1.      Jurisdiction and Service:**

7        KFHP does not consent to personal jurisdiction of this Court for the reasons described in

8    KFHP's pending Motion to Dismiss Plaintiff's Complaint, Dkt. 11 ("Motion to Dismiss").

9        Should this lawsuit proceed following the Court's ruling on KFHP's Motion to Dismiss, this

10   Court would have federal question jurisdiction over the subject matter of this case under 28 U.S.C.

11   § 1441 and 28 U.S.C. §1331 because Plaintiff seeks to revoke her benefit election under the Kaiser

12   Permanente Salaried Retirement Plan Supplement to the Kaiser Permanente Retirement Plan (the

13   "Plan"), which is an "employee pension benefit plan" as defined under Employee Retirement

14   Income Security Act of 1974, as amended ("ERISA") § 3(2), 29 U.S.C. § 1002(2).

15       Venue is proper in the United States District Court for the Northern District of California

16   under 29 U.S.C. § 1132(e)(2) and the terms of the ERISA Plan.

17   **2.      Facts:**

18       Plaintiff alleges as follows:

19       I Lia C. Javier am requesting that this Kaiser Permanente benefit package be returned to

20   Kaiser Permanente and added back to my retirement. I am mentally disabled and I have asked the

21   company that KP hired to disperse these early releases to please let me talk to someone because I

22   didn't know about these things. I am also asking for KP to add to this case all recorded phone calls.

23   I never received paper work explain about how the retirement early release would go. I only

24   received a benefit card, and when I called the company that KP hired said to sign it and I could

25   cancel it in 30 days, but I couldn't change anything. My daughter tried to call to but no one would

26   help. We finally received help after the deadline. My daughter and I was told by a supervisor in the

27   KP Retirement Dept. that they should have given me the number to them so that I would have been

28   able to go under Disability or ask for a hardship loan. When I was denied 3 times KP never gave me

-2-

1   the correct information to serve them for my lawsuit, it just had the address on top of the denial

2   letter and that's where they were served. I should not be denied for a court hearing because it was

3   delivered to an address that was listed at the top of the correspondence.  If this is the case then let

4   me resubmit all of my court papers and serve the correct establishment and start all over. If I would

5   have had the correct information in the beginning then I would have made a more informative

6   decision. Thank you Judge Donato.

7           KFHP asserts as follows:

8           Plaintiff's sole claim for relief against KFHP seeks to revoke her benefit election to receive

9   a lump sum distribution under the Plan and to be reinstated as an active participant in the Plan.  As

10  described in KFHP's Motion to Dismiss, Plaintiff's sole claim for relief is preempted by ERISA

11  because it could have been asserted under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Based

12  on information and belief, KFHP provides the following relevant facts regarding Plaintiff's claim in

13  this lawsuit:

14          Plaintiff was a participant in the Plan and received mailings in August and September of

15  2017, including an election kit and post cards, announcing a Special Distribution Election

16  opportunity under the Plan, whereby Plaintiff could elect a lump sum payout of her Plan benefits.

17  According to the mailings, Plaintiff was required to make the Special Distribution Election by

18  October 5, 2017 if she wished to receive a single lump sum distribution under the Plan.  During one

19  of several recorded calls with the Pension Election Help Desk ("Help Desk"), Plaintiff confirmed

20  with the Help Desk that she had until October 31, 2017 to cancel her election if she changed her

21  mind.  On October 4, 2017, during a recorded call, Plaintiff said "I can go online and just accept it.

22  Their one lump sum, but then **by October 31st** I could just, uh, tell them, 'No, I changed my mind,'

23  and it will go back to normal, right?" (emphasis added).  To which the Help Desk representative

24  responded, "Correct."  Then, later that same day, Plaintiff completed an online election kit and

25  elected a lump sum payment under the Special Distribution Election.

26          On November 10, 2017, Plaintiff was issued a check in the net amount of $29,263.94 as her

27  elected lump sum distribution under the Plan (gross amount payable, $37,517.88, with $8,253.94

28  withheld for federal and state taxes).  After the October 31, 2017 deadline to revoke the election,

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

1    and after receiving the elected lump sum distribution from the Plan, Plaintiff called the Help Desk

2    and the Kaiser Permanente Retirement Center several times in an attempt to revoke her election.

3    Plaintiff asserted during those later calls that she did not realize how much would be taken out for

4    taxes and that she should not have been rushed to make the decision because she was disabled.

5    Plaintiff did not, however, dispute that she was aware of and failed to revoke her election by the

6    October 31, 2017 deadline.

7         On March 26, 2018, the Plan received Plaintiff's claim inquiry form requesting that she be

8    permitted to revoke her single lump sum election under the Plan.  Attached to Plaintiff's claim

9    inquiry form were several documents including a handwritten letter, and both a notice and decision

10   from the Social Security Administration finding that Plaintiff was disabled.  On June 21, 2018, the

11   Plan sent Plaintiff a notice of denial on the grounds that the Plaintiff failed to revoke her election by

12   the deadline, October 31, 2017.  This letter provided that Plaintiff signed a statement in the election

13   kit stating she understood that she should consult her professional tax advisor about receiving the

14   lump sum benefit payment, and that federal income tax would be withheld at the rate of 20%, and

15   additional state tax may be withheld if applicable.  On October 2, 2018, the Plan received an appeal

16   letter from Plaintiff's daughter, Chelseay Javier, on Plaintiff's behalf.  On December 10, 2018, the

17   Plan sent Plaintiff a notice of decision on appeal, informing her that the Appeals Subcommittee of

18   the Kaiser Permanente Administrative Committee (the "Committee") had reviewed Plaintiff's

19   appeal requesting that the Plan revoke her lump sum pension election made under the one-time

20   pension election opportunity program, and the Committee denied the appeal.

21        The Court will review the Committee's decision under the abuse of discretion standard,

22   because the Plan affords the Committee discretion to decide benefit claims.  The Administrative

23   Record provides the relevant record for the Court's determination of the Plaintiff's claim.   In

24   rendering its decision, the Committee reviewed the applicable Plan provisions, transcripts of the

25   Plaintiff's recorded calls, the completed claim inquiry form and all attachments (received

26   March 26, 2018), the notice of denial (dated June 21, 2018), and the appeal letter sent by Chelseay

27   Javier on her mother's behalf, received October 2, 2018.  Based on the Administrative Record of

28   Plaintiff's claim (which includes the applicable Plan documents), the Committee's denial was

-4-

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

1    proper under the Plan's terms, and was by no means an abuse of its discretion.

2    **3.    <u>Legal Issues</u>:**

3        This case involves the following legal issue:

4        i.    Did the Committee abuse its discretion when it decided that Plaintiff was not entitled

5    to revoke her lump sum pension benefit election because Plaintiff failed to revoke her election by

6    the October 31, 2017 deadline?

7    **4.    <u>Motions</u>:**

8        KHFP's Motion to Dismiss is currently pending before this Court.  In the event that KFHP's

9    Motion to Dismiss is denied, or Plaintiff is given leave to amend and files a sufficient amended

10    Complaint, the Plaintiff and KFHP contemplate that they will each file cross-motions for judgment

11    under Federal Rule 52(a) based solely on  a claim for benefits under ERISA § 502(a)(1)(B), 29

12    U.S.C. § 1132(a)(1)(B) in which the relevant evidence is limited to the Administrative Record of

13    Plaintiff's benefit claim and appeal under the Plan (the "Administrative Record").

14        A proposed schedule for these motions is set forth in paragraph 17.

15    **5.    <u>Contemplated Amendments to the Pleadings</u>:**

16        As described in KFHP's Motion to Dismiss, KFHP believes amendment of Plaintiff's

17    Complaint will be futile.  Nevertheless, if the Court grants the Plaintiff leave to amend, then

18    Plaintiff will be required to amend her Compliant by a date to be set by the Court**.**

19    **6.    <u>Evidence Preservation</u>:**

20        To the extent this case proceeds past the Court's ruling on KFHP's pending Motion to

21    Dismiss, the Plaintiff and KFHP agree that discovery in this case will be limited to the production

22    of the Administrative Record, as described under Section 8, below, and KFHP has preserved the

23    Administrative Record.

24        The Plaintiff and KFHP have also taken steps to preserve other evidence outside of the

25    Administrative Record, to the extent production of any such evidence will be necessary.

26    **7.    <u>Disclosures</u>:**

27        KFHP served Plaintiff with its Initial Disclosures under Federal Rule 26(a)(1) on

28    April 24, 2020.  As of the date of this filing, Plaintiff has not yet served KFHP with her Initial

*Trucker ✦ Huss*
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

-5-

1    Disclosures under Federal Rule 26(a)(1).

2    **8.    Discovery:**

3    To the extent discovery is necessary following the Court's ruling on KFHP's pending

4    Motion to Dismiss, discovery in this case should be limited to the production of the Administrative

5    Record.  KFHP will produce the Administrative Record to Plaintiff by June 5, 2020.  If Plaintiff

6    disputes the completeness of the Administrative Record, Plaintiff will meet and confer with KFHP

7    regarding any such dispute.  If the Plaintiff and KFHP are unable to reach an agreement regarding

8    any such dispute, Plaintiff will move to supplement the record by June 19, 2019.

9    **9.    Class Actions:**

10    Not applicable.

11    **10.    Related Cases:**

12    There are no related cases pending in any state or federal court at this time.

13    **11.    Relief:**

14    Plaintiff seeks to revoke her election to take a lump sum distribution under the Plan, and to

15    be reinstated as an active participant in the Plan.

16    KFHP does not currently seek any relief other than final judgment in its favor with respect

17    to Plaintiff's claim.  KFHP reserves its right to seek additional or different relief in the future,

18    including an award of attorney's fees and costs.

19    **12.    Settlement and ADR:**

20    The Plaintiff and KFHP discussed ADR during their Federal Rule 26(f) meet and confer

21    meeting held on April 13, 2020.  Based on that discussion, the Plaintiff and KFHP believe that the

22    case is unlikely to benefit from ADR, but the Plaintiff and KFHP are willing to discuss ADR

23    options with the Court.

24    **13.    Consent to Magistrate Judge For All Purposes:**

25    The Plaintiff and KFHP do not consent to a magistrate judge conducting all further

26    proceedings including trial and entry of judgment.

27    **14.    Other References:**

28    Not applicable.

-6-

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

1

**15.     Narrowing of Issues:**

2

The Plaintiff and KFHP agree that the only issue before the Court is whether the Committee

3

abused its discretion in denying Plaintiff's claim and appeal in which Plaintiff sought to revoke her

4

election for a lump sum distribution under the Plan and be reinstated as an active participant in the

5

Plan.

6

**16.     Expedited Trial Procedure:**

7

See Item 17, below.

8

**17.     Scheduling:**

9

Should this case proceed following the Court's ruling on KFHP's Motion to Dismiss, the

10

Plaintiff and KFHP believe that this case can be resolved on cross-motions for judgment under

11

Federal Rule 52(a) based on a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. §

12

1132(a)(1)(B).  The Plaintiff and KFHP propose the following schedule:

13

   a.  KFHP serves the Administrative Record to Plaintiff by **June 5, 2020**;

14

   b.  If Plaintiff contends that the Administrative Record is incomplete, and the Plaintiff

15

       and KFHP are unable to resolve any such dispute informally, Plaintiff will file a

16

       motion to supplement the record by **June 19, 2020**.  If such a motion is filed, the

17

       following deadlines will be suspended pending resolution of any dispute over the

18

       content of the Administrative Record;

19

   c.  Once the Plaintiff and KFHP agree on the complete Administrative Record, and

20

       provided there is no dispute over the content of the Administrative Record, KFHP

21

       will file the Administrative Record with the Court on or before **June 26, 2020**;

22

   d.  Absent any disputes regarding the Administrative Record, Plaintiff will file her

23

       motion for judgment on her Plan benefit claim under ERISA § 502(a)(1)(B), 29

24

       U.S.C. § 1132(a)(1)(B), by **September 11, 2020**;

25

   e.  KFHP's response to Plaintiff's motion for judgment, and KFHP's cross-motion for

26

       judgment on Plaintiff's Plan benefits claim under ERISA § 502(a)(1)(B), 29 U.S.C. §

27

       1132(a)(1)(B), will be filed by **October 2, 2020**;

28

   f.  Plaintiff's response to KFHP's cross-motion for judgment, and Plaintiff's reply to

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

-7-

1    KFHP's response to her motion for judgment, will be filed by **October 23, 2020**;

2    g.    KFHP's reply to Plaintiff's response to KFHP's motion for judgment will be filed by

3    **November 6, 2020**; and

4    h.    Hearing on Cross-Motions for Judgment: **November 20, 2020 at 10 a.m., or date**

5    **set by Court.**

6    **18.    Trial:**

7    The Plaintiff and KFHP anticipate that, in the event this case proceeds past the pending

8    Motion to Dismiss, Plaintiff's claim will be resolved on the Plaintiff's and KFHP''s cross-motions

9    for judgment and no trial, and therefore no witnesses, will be necessary.

10    **19.    Disclosure of Non-Party Interested Entities or Persons:**

11    Plaintiff's Disclosure:

12    None.

13    KFHP's Disclosure:

14    KFHP filed its "Certification of Interested Entities or Persons" as required by Local Rule 3-

15    16 (Dkt. 4) and certified that the following listed persons, associations of persons, firms,

16    partnerships, corporations (including parent corporations) or other entities (i) have a financial

17    interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

18    financial interest in that subject matter or in a party that could be substantially affected by the

19    outcome of this proceeding: Kaiser Foundation Health Plan, Inc. and the Kaiser Permanente

20    Salaried Retirement Plan Supplement to the Kaiser Permanente Retirement Plan.

21    **20.    Professional Conduct:**

22    The attorneys of record for KFHP have reviewed the Guidelines for Professional Conduct

23    for the Northern District of California.

24    **21.    Other Matters:**

25    Ms. Javier has a letter from her doctor explaining for her to have any court proceedings via

26    telephone. That letter is attached hereto as **Exhibit A.**

27

28

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

-8-

1   Dated: May 7, 2020                          LIA C. JAVIER

2

3                                               By: /s/ *Lia C. Javier*
                                                LIA C. JAVIER
4                                               Plaintiff (*Pro se*)

5   Dated: May 7, 2020                          TRUCKER ✦ HUSS, APC

6

7                                               By: /c/ *Dylan D. Rudolph*
                                                Clarissa A. Kang
8                                               Dylan D. Rudolph
                                                Catherine L. Reagan
9                                               Attorneys for KAISER FOUNDATION HEALTH
10                                              PLAN, INC. incorrectly named and sued as
                                                KAISER PERMANENTE RETIREMENT
11

12

13          Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has

14   been obtained from each of the other signatories.

15

16   Dated: May 7, 2020                          TRUCKER ✦ HUSS, APC

17                                               By: /s/ *Dylan D. Rudolph*
                                                Clarissa A. Kang
18                                               Dylan D. Rudolph
                                                Catherine L. Reagan
19                                               Attorneys for KAISER FOUNDAITON HEALTH
                                                PLAN, INC., incorrectly named and sued as
20                                               KAISER PERMANENTE RETIREMENT

21

22

23

24

25

26

27

28

-9-

JOINT CASE MANAGEMENT STATEMENT; Case No: 3:20-cv-00725-JD
6721398.4

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

# EXHIBIT A



04/15/2020

To Whom it May Concern,

Lia Javier is under my care at
East County Adult MH Services.
She suffers from a severe psychiatric
disability. Due to this disability, she
is not able to tolerate the stress of
appearing in court. Please allow her
to attend her court hearing via telephone
or video.

Sincerely,

Deborah Silver, M.D

**[PROPOSED] CASE MANAGEMENT ORDER**

1

2    The above Joint Case Management Statement and [Proposed] Order is approved. The

3    following deadlines apply to this case:

4          a.  KFHP will serve the Administrative Record by **June 5, 2020;**

5          b.  If Plaintiff contends that the Administrative Record is incomplete, and the

6              Plaintiff and KFHP are unable to resolve any such dispute informally, Plaintiff

7              will file a motion to supplement the record by **June 19, 2020**;

8          c.  Absent any disputes regarding the Administrative Record, KFHP will file the

9              Administrative Record on or before **June 26, 2020**;

10         d.  Absent any disputes regarding the Administrative Record, Plaintiff will file her

11             motion for judgment based on a claim for Plan benefits under ERISA §

12             502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), by **September 11, 2020;**

13         e.  KFHP's response to Plaintiff's motion for judgment, and KFHP's cross-motion

14             for judgment on a benefit claim under ERISA § 502(a)(1)(B), 29 U.S.C. §

15             1132(a)(1)(B), will be filed by **October 2, 2020;**

16         f.  Plaintiff's response to KFHP's cross-motion for judgment, and Plaintiff's reply

17             to KFHP's response to her motion for judgment, will be filed by **October 23,**

18             **2020**;

19         g.  KFHP's reply to Plaintiff's response to KFHP's motion for judgment will be

20             filed by **November 6, 2020;**

21         h.  Hearing on Cross-Motions for Judgment on a benefit claim under ERISA §

22             502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B): **November 20, 2020 at 10 a.m., or**

23             **date to be set by Court.**

24

25    IT IS SO ORDERED.

26    Dated:

27                                              Hon. James Donato
                                               United States District Court Judge

28

-10-

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

## <u>CERTIFICATE OF SERVICE</u>

I, Dylan Rudolph, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am employed in the City and County of San Francisco, California. My business address is One Embarcadero Center, 12th Floor, San Francisco, California 94111. On the date indicated below, I served the within:

**JOINT CASE MANAGEMENT STATEMENT, PURSUANT TO
FED. R. CIV. PRO. 26**

to the addressee(s) and in the manner indicated below:

Lia C. Javier
805 Fieldstone Court
Brentwood, CA 94513
Telephone: (510) 701-1771
Email: shecancer777@yahoo.com

☒    **BY ELECTRONIC MAIL**: Pursuant to the Plaintiff's and KFHP's agreement to electronic service, on the above-mentioned date, I served a full and complete copy of the above-referenced document[s] by electronic mail to the person[s] at the email address[es] indicated.

I certify under penalty of perjury that the foregoing is true and correct, and that this Certificate of Service was executed by me on May 7, 2020, at San Francisco, California.

/s/ *Dylan D. Rudolph*
Dylan Rudolph

CERTIFICATE OF SERVICE
Case No: 3:20-cv-00725-JD
6721398.4