Clarissa A. Kang, SBN 210660
Dylan D. Rudolph, SBN 278707
Catherine L. Reagan, No. 327702
TRUCKER ✦ HUSS
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone:  (415) 788-3111
Facsimile:  (415) 421-2017
E-mail:  ckang@truckerhuss.com
    drudolph@truckerhuss.com
    creagan@truckerhuss.com

Attorneys for KAISER FOUNDATION
HEALTH PLAN, INC., incorrectly named
and sued as KAISER PERMANENTE
RETIREMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| LIA C. JAVIER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KAISER PERMANENTE RETIREMENT,<br><br>　　　　　Defendant. | Case No. 3:20-cv-00725-JD<br><br>**DECLARATION REGARDING ADMINISTRATIVE RECORD** |

**DECLARATION REGARDING ADMINISTRATIVE RECORD**

I, Diane M. Anderson, declare:

1. I am Senior Manager, Retirement Administration for Kaiser Foundation Health Plan, Inc. ("KFHP"), which is the plan administrator and plan sponsor for the Kaiser Permanente Salaried Retirement Plan Supplement to the Kaiser Permanente Retirement Plan (the "Plan"). I am familiar with the fact that benefit claims under the Plan are administered by KFHP, and that, under the Plan's terms, KFHP delegates the determination of appeals from the denial of benefit claims, like the appeal by Plaintiff Lia Javier ("Plaintiff"), to the Kaiser Permanente Administrative Committee ("KPAC"), which, in turn, delegates the determination of appeals to KPAC's Appeals Subcommittee.

2. I am also familiar with the fact that KFHP retains third-party administrator Morneau Shepell Ltd. ("Morneau Shepell") to perform certain administrative tasks for the Plan, including tasks related to Plaintiff's claim and appeal under the Plan. I am also familiar with the fact that KFHP retained Willis Towers Watson to implement and administer the 2017 Special Distribution Election from the Plan. In my regular course of business, I have reviewed and am familiar with documents generated by Morneau Shepell and Willis Towers Watson regarding their work vis-à-vis the Plan, and transcripts of telephone calls between representatives of these companies and Plan participants, including those related to Plaintiff's claim and appeal under the Plan. I can attest to the authenticity of such documents based on information and belief.

3. Each of the facts stated herein is true, correct, and within my personal knowledge or, if stated on information and belief, is true and correct to the best of my information and belief. If called upon as a witness, I could and would testify as to the truth of these statements.

4. Attached as Exhibit A is a true and correct copy of the Plan, as amended, under which Plaintiff's claim and appeal were decided (KFHP 000001 – KFHP 000179).

5. Attached as Exhibit B is a true and correct copy of the administrative record for Plaintiff's benefit claim and appeal. I have been informed, and on that basis believe, that KFHP served the administrative record on Plaintiff in this lawsuit on June 3, 2020, as evidenced by the Bates numbers KFHP 000180 – KFHP 000676, which appear on these documents. Part of these

administrative record documents include transcripts of telephone calls between Plaintiff and representatives of Morneau Shepell and Willis Towers Watson related to the 2017 Special Distribution Election. I have been informed, and on that basis believe, that KFHP also served Plaintiff with the audio files of these telephone calls (labeled KFHP 000677 – KFHP 000679) with the administrative record documents on June 3, 2020, but that these audio files cannot be filed by KFHP through the normal process of uploading them through the Court's electronic case filing system. If the Court has a means by which these audio files may also be submitted as part of the administrative record of Plaintiff's claim and appeal, and requires such a submission, KFHP will submit these audio files accordingly.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed this 25th day of June 2020 in Oakland, California.

_____
Diane M. Anderson