UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIA C JAVIER,<br><br>    Plaintiff,<br><br>  v.<br><br>KAISER FOUNDATION HEALTH PLAN INC,<br><br>    Defendant. | Case No. 20-cv-00725-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

This is a breach of contract case relating to a retirement plan. Dkt. No. 1. Pro se plaintiff Javier originally filed the lawsuit in the California Superior Court. Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") removed pursuant to this Court's federal question jurisdiction on the grounds that Javier's state-law breach of contract claim is completely preempted by the federal Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (2018). Dkt. No. 1 ¶ 4. Javier did not seek a remand. Kaiser now asks to dismiss the complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), and for failure to state a claim under Rule 12(b)(6) because the breach of contract claim is preempted by ERISA. Dkt. No. 11. The motion is granted and denied in part.

**BACKGROUND**

As alleged in the complaint and discussed in the attached administrative record, Dkt. No. 1-1, Javier participates in a retirement plan managed by Kaiser. In August 2017, Javier received a postcard announcing that Kaiser was giving her the option of a single lump sum distribution of her benefits, or a monthly annuity. *Id.* at 18. Shortly before the deadline to make an election, Javier asked for an extension of time and whether she had the right to make her decision later. Javier ultimately elected a lump sum distribution, and received a payment of $29,263.94, which reflected

1   the gross amount payable less taxes of $8,253.94. *Id.* at 4, 20. Javier was surprised by the tax
2   withholding. She asked Kaiser to reverse the transaction, which was denied. *Id.* at 4, 18. Javier
3   then sued Kaiser for breach of contract in the California Superior Court. She attempted to serve
4   Kaiser in January 2020. Dkt. No. 11 at 4. Kaiser removed the case here later that same month,
5   Dkt. No. 1.

**DISCUSSION**

The request to dismiss under Rule 12(b)(5) is denied. Kaiser says that service of process was inadequate because the complaint incorrectly named "Kaiser Permanente Retirement" as the defendant, lacked a summons, and was left by the process server at the visitor's center of a Kaiser building after an employee in Kaiser's legal department refused to accept it. Dkt. No. 11 at 4-5, 7-9.

All of that may be true, but the salient fact is that Kaiser was aware of the lawsuit, removed it to this Court, and filed a motion to dismiss. Dismissing the case after all that for insufficient service would be a senseless triumph of technicalities over substance. Our federal rules of procedure have been revised over the years to eliminate the use of procedural niceties to stymie litigation. To be sure, if a defendant is not adequately served, the Court may dismiss the complaint, quash service, or extend the time for proper service. *See* Fed. R. Civ. P. 4(m); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). But this rule is "liberally construed so long as a party receives sufficient notice of the complaint," and "actual receipt of process by the correct person may be a factor in finding process valid when there are other factors that make process fair." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (quotations and citation omitted). Defects in service are generally excused when the defendant has actual notice of the suit and is not prejudiced by the defects, and the plaintiff has a justification for failing to effect proper service. *See Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984) (quoting *Jordan v. United States*, 694 F.2d 833, 836 (D.C. Cir. 1982)).

Kaiser clearly had actual notice of Javier's suit and was not prejudiced by the any defects in service. Javier is also acting pro se, and the address where she attempted service was the one

1  Kaiser gave her during the administrative appeals process. *See* Dkt. No. 1-1 at 18, 32; Dkt. No. 15
2  at 5.  Consequently, dismissal under Rule 12(b)(5) is not warranted.

3        The request to dismiss under Rule 12(b)(6) is granted.  Javier's breach of contract claim is
4  preempted by ERISA.  Preemption refers to Congress's power to displace state laws with federal
5  law relating to the same subject matter, either expressly, or implicitly if the state laws are either
6  inconsistent with federal law or regulate a field that Congress has determined should be governed
7  entirely by federal law.  *See Arizona v. United States*, 567 U.S. 387, 399 (2012).  Ordinarily,
8  preemption is a defense to state law claims that fall into any of these categories.  *See, e.g.*, *Retail*
9  *Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 948 (9th Cir. 2014).
10 Under ERISA, state law claims may be "completely" preempted, in which case they are treated as
11 if brought under federal law, and so there is federal subject matter jurisdiction over the claims.
12 *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 7-8 (2003); *Metro. Life Ins. Co. v. Taylor*, 481
13 U.S. 58, 67 (1987).  "Complete" preemption and ordinary "defensive" preemption are different:
14 complete preemption is about the Court's subject matter jurisdiction, while defensive preemption
15 is about whether the breach of contract claim is displaced by ERISA.  *See Retail Prop. Tr.*, 768
16 F.3d at 948-49.

17       The Court has subject matter jurisdiction if (1) Javier's claim could have been brought
18 under Section 502(a)(1)(B) of ERISA, and (2) Kaiser's actions implicate "no other independent
19 legal duty."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).  Section 502(a)(1)(B) allows a
20 retirement plan participant to sue an employee benefit plan administrator in order to "recover
21 benefits" or "enforce rights" due to her under the plan.  29 U.S.C. § 1132(a)(1)(B).  An "employee
22 benefit plan" is broadly defined to include retirement plans maintained by an employer.  *See* 29
23 U.S.C. § 1002(2)-(3).  Javier's complaint expressly asks that she "be reinstated" into Kaiser's
24 retirement plan, and says that Kaiser harmed her by giving her access to retirement funds in
25 violation of the plan.  Dkt. No. 1-1 at 4.  There is no question that this claim could have been
26 brought under Section 502 because Javier seeks to recover benefits or enforce rights due to her
27 under Kaiser's retirement plan.  There is also no duty implicated by Kaiser's conduct that is
28

1    independent of its duties under the plan.  *See Davila*, 542 U.S. at 212 (duty must "arise

2    independently of ERISA or the plan terms").

3        Consequently, the Court has jurisdiction to determine if the breach of contract claim is

4    defensively preempted, and so must be dismissed.  Javier's claim is "reconfigured" as a federal

5    law claim, so the Court must determine "whether the transformed cause of action conflicts with

6    ERISA.  If so, it is preempted.  If not, it remains viable as a federal ERISA cause of action."

7    *Rudel v. Hawai'i Mgmt. All. Ass'n*, 937 F.3d 1262, 1269 (9th Cir. 2019), *cert. denied*, 140 S. Ct.

8    1114 (2020).  ERISA preempts state laws in two ways: (1) "express preemption" under Section

9    514 and (2) "preemption due to conflict with ERISA's civil remedial scheme" under Section 502.

10   *Id.* at 1272.  Section 514 preempts "any and all State laws" to the extent that they "relate to any

11   employee benefit plan," 29 U.S.C. § 1144(a), with exceptions for insurance, banking, and

12   securities laws, 29 U.S.C. § 1144(b)(2)(A).  Section 502 creates "a comprehensive scheme of civil

13   remedies to enforce ERISA's provisions," *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225

14   (9th Cir. 2005), and is intended to "ensure that federal courts remain the sole forum and the sole

15   vehicle for adjudicating claims for benefits under ERISA," *Rudel*, 937 F.3d at 1269.  Breach of

16   contract claims arising out of the administration of an employee benefit plan are preempted by

17   ERISA.  *See, e.g.*, *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007-08 (9th Cir. 1998), *as

18   amended* (Aug. 3, 1998).

19       It is plain that Javier's breach of contract claim concerns the administration of an employee

20   benefit plan, and does not fall within any exception.  Consequently, it is preempted, and

21   dismissed.  *See Cleghorn*, 408 F.3d at 1227.

## CONCLUSION

23   Javier may file an amended complaint that is consistent with this order by November 5,

24   2020.  Javier may not add any new claims or parties without the Court's prior approval.  Failure to

25   follow the terms of this order may result in dismissal of the case with prejudice under Federal Rule

26   of Civil Procedure 41(b).  If this deadline is not feasible in light of the public health situation, the

27   parties may agree on a new date by stipulation.  If the parties cannot agree, either party may ask

28   the Court to extend the deadline.

Javier is referred to the Legal Help Center, which is still making telephone appointments during the current public health emergency. Appointments can be made by calling 415-782-8982 or by emailing FedPro@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves, but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: September 21, 2020

JAMES DONATO
United States District Judge