Clarissa A. Kang, No. 210660
Dylan D. Rudolph, No. 278707
Catherine L. Reagan, No. 327702
TRUCKER ✦ HUSS
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 788-3111
Facsimile: (415) 421-2017
E-mail: ckang@truckerhuss.com
drudolph@truckerhuss.com
creagan@truckerhuss.com

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

LIA C. JAVIER,

Plaintiff,

vs.

KAISER FOUNDATION HEALTH PLAN, INC.,

Defendant.

Case No. 3:20-cv-00725-JD

**DEFENDANT KAISER FOUNDATION HEALTH PLAN, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Judge: Hon. James Donato

Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") hereby responds to the First Amended Complaint (the "FAC," Dkt. 29) filed by Plaintiff Lia Javier ("Plaintiff") as follows:

1. Answering paragraph 1 of the FAC, Kaiser is informed and believes, and on that basis admits, that this paragraph accurately reflects Plaintiff's name, address, and telephone number. Except as so expressly admitted, Kaiser denies, generally and specifically, each and every remaining allegation of this paragraph.

2. Answering paragraph 2 of the FAC, Kaiser admits that the allegations of this paragraph accurately reflect Kaiser's name and address, and one of Kaiser's telephone numbers. Except as so expressly admitted, Kaiser denies, generally and specifically, each and every remaining allegation of this paragraph.

3. Answering paragraph 3 of the FAC, Kaiser admits that this Court has jurisdiction over the claims set forth in the FAC but denies that the claims set forth in the FAC have any merit. Except as so expressly admitted, Kaiser denies, generally and specifically, each and every remaining allegation of this paragraph.

4. Answering paragraph 4 of the FAC, Kaiser admits that venue in this District is proper based on the claims set forth in the FAC but denies that the claims set forth in the FAC have any merit. Except as so expressly admitted, Kaiser denies, generally and specifically, each and every remaining allegation of this paragraph.

5. Answering paragraph 5 of the FAC, Kaiser admits that assignment to this Division is proper based on the claims set forth in the FAC but denies that the claims set forth in the FAC have any merit. Except as so expressly admitted, Kaiser denies, generally and specifically, each and every remaining allegation of this paragraph.

6. Answering paragraph 6 of the FAC, Kaiser admits that Plaintiff was hired in the year 2000, and Plaintiff's last termination date with Kaiser was in the year 2010. Kaiser further admits that Plaintiff was a participant in the Kaiser Permanente Retirement Plan (the "Plan") until she elected a lump sum distribution of her retirement benefits in the Plan. Except as so expressly admitted, Kaiser denies, generally and specifically, each and every remaining allegation of this paragraph.

7. Answering paragraph 7 of the FAC, Kaiser lacks sufficient information upon which to

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

base a response to this paragraph and on that basis denies, generally and specifically, each and every allegation of this paragraph.

8. Answering paragraph 8 of the FAC, Kaiser lacks sufficient information upon which to base a response to the allegations of this paragraph and on that basis denies, generally and specifically, each and every allegation of this paragraph.

9. Answering paragraph 9 of the FAC, Kaiser admits that (a) on August 8, 2017, Plaintiff was sent a notice announcing a limited one-time pension election opportunity to certain former employees who had a vested pension benefit; (b) on August 17, 2017, Plaintiff was sent an election kit regarding her options under the pension election opportunity; and (c) on September 11, 2017, she was sent a follow up notice reminding her about the pension election opportunity. (Dkt. 24-2 at KFHP000185-KFHP000207; KFHP000648.) Kaiser alleges that the allegations of this paragraph refer to a document that is the best evidence of its contents and speaks for itself. Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

10. Answering paragraph 10 of the FAC, Kaiser admits that (a) on August 8, 2017, Plaintiff was sent a notice announcing a limited one-time pension election opportunity to certain former employees who had a vested pension benefit; (b) on August 17, 2017, Plaintiff was sent an election kit regarding her options under the pension election opportunity; and (c) on September 11, 2017, she was sent a follow up notice reminding her about the pension election opportunity. (Dkt. 24-2 at KFHP000185-KFHP000207; KFHP000648.) Kaiser alleges that the allegations of this paragraph refer to a document that is the best evidence of its contents and speaks for itself. Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

11. Answering paragraph 11 of the FAC, Kaiser admits that (a) on August 8, 2017, Plaintiff was sent a notice announcing a limited one-time pension election opportunity to certain former employees who had a vested pension benefit; (b) on August 17, 2017, Plaintiff was sent an

election kit regarding her options under the pension election opportunity; and (c) on September 11, 2017, she was sent a follow up notice reminding her about the pension election opportunity. (Dkt. 24-2 at KFHP000185-KFHP000207; KFHP000648.) Kaiser alleges that the allegations of this paragraph refer to a document that is the best evidence of its contents and speaks for itself. Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

12. Answering paragraph 12 of the FAC, Kaiser admits that on October 4, 2017, Plaintiff called the pension election help desk, administered by Willis Towers Watson (the "Pension Election Help Desk"). Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

13. Answering paragraph 13 of the FAC, Kaiser admits that Plaintiff was sent an election kit regarding her options under the pension election opportunity on August 17, 2017, and that Plaintiff made multiple telephone calls to the Pension Election Help Desk on October 4, 2017. (Dkt. 24-2 KFHP000185-KFHP000207; KFHP000677-79.) Kaiser alleges that, to the extent the allegations of this paragraph refer to Plaintiff's telephone calls to the Pension Election Help Desk, the recordings of these calls are the best evidence of their contents and speak for themselves. Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

14. Answering paragraph 14 of the FAC, Kaiser admits that Plaintiff was informed of and aware of the October 31, 2017 deadline to revoke a lump sum benefit election before she made her lump sum benefit election, and that Plaintiff contacted the Pension Election Help Desk. Kaiser alleges that, to the extent the remaining allegations of this paragraph refer to Plaintiff's telephone calls to the Pension Election Help Desk, the recordings of these calls are the best evidence of their contents and speak for themselves. (Dkt. 24 at ¶ 5, KFHP000677-79.) Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies,

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

15. Answering paragraph 15 of the FAC, Kaiser admits that Plaintiff and/or her daughter contacted the Pension Election Help Desk. Kaiser alleges that, to the extent the allegations of this paragraph refer to Plaintiff's and/or her daughter's telephone calls to the Pension Election Help Desk, the recordings of these calls are the best evidence of their contents and speak for themselves. (KFHP000677-79.) Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

16. Answering paragraph 16 of the FAC, Kaiser lacks sufficient information upon which to base a response to this paragraph and on that basis denies, generally and specifically, each and every allegation of this paragraph.

17. Answering paragraph 17 of the FAC, Kaiser admits that on October 4, 2017, Plaintiff called the Pension Election Help Desk. (KFHP000677-79.) Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every allegation of this paragraph, except as expressly admitted.

18. Answering paragraph 18 of the FAC, Kaiser admits that there was a deadline for Plaintiff to elect a lump sum distribution of her retirement benefit and that Plaintiff contacted the Pension Election Help Desk. Kaiser alleges that, to the extent the allegations of this paragraph refer to Plaintiff's telephone calls to the Pension Election Help Desk, the recordings of these calls are the best of evidence of their contents and speak for themselves. (KFHP000677-79.) Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

19. Answering paragraph 19 of the FAC, Kaiser admits that there was an October 31, 2017 deadline for Plaintiff to revoke her election to receive a lump sum distribution of her retirement benefits. Except as so expressly admitted, Kaiser denies, generally and specifically, each and every remaining allegation of this paragraph.

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

20. Answering paragraph 20 of the FAC, Kaiser admits that Plaintiff and/or her daughter contacted the Kaiser Permanente Retirement Center ("KPRC"). Kaiser alleges that, to the extent the allegations of this paragraph refer Plaintiff's and/or her daughter's telephone calls to the KPRC, the recordings of these calls are the best evidence of their contents and speak for themselves. (KFHP000677-99.) Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

21. Answering paragraph 21 of the FAC, Kaiser admits that Plaintiff was issued a lump sum distribution of her Plan benefits pursuant to her benefit election and is informed and believes that Plaintiff has not cashed the payment check that was issued to her. Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

22. Answering paragraph 22 of the FAC, Kaiser admits that Plaintiff and/or her daughter contacted the KPRC. Kaiser alleges that, to the extent the allegations of this paragraph refer to Plaintiff's and/or her daughter's telephone calls to the KPRC, the recordings of these calls are the best evidence of their contents and speak for themselves. (KFHP000680-81.) Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

23. Answering paragraph 23 of the FAC, Kaiser admits that Plaintiff contacted the KPRC. Kaiser alleges that, to the extent the allegations of this paragraph refer to Plaintiff's telephone calls to the KPRC, the recordings of these calls are the best evidence of their contents and speak for themselves. (KFHP000682-99.) Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

24. Answering paragraph 24 of the FAC, Kaiser admits that it received Plaintiff's benefits claim initiation form on March 26, 2018 (Dkt. 24-2 at KFHP000494-KFHP000496) and an appeal

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

letter from Plaintiff's daughter on Plaintiff's behalf on October 2, 2018 (Dkt. 24-2 KFHP 000516-KFHP000517), both of which were denied (Dkt. 24-2 at KFHP000597-KFHP000604; KFHP000520-KFHP000525). Kaiser alleges that the allegations of this paragraph refer to a document that is the best evidence of its contents and speaks for itself. Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

25. Answering paragraph 25 of the FAC, Kaiser incorporates the foregoing paragraphs of this Answer as though fully set forth herein.

26. Answering paragraph 26 of the FAC, Kaiser admits that Plaintiff was a participant in the Plan until she received a lump sum distribution of her retirement benefits in the Plan. Kaiser denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

27. Answering paragraph 27 of the FAC, Kaiser admits that Plaintiff contacted the Pension Election Help Desk on October 4, 2017. Kaiser alleges that, to the extent the allegations of this paragraph refer to Plaintiff's telephone calls to the Pension Election Help Desk, the recordings of these calls are the best evidence of their contents and speak for themselves. (KFHP000677-79.) Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as so expressly admitted.

28. Answering paragraph 28 of the FAC, Kaiser admits that Plaintiff was sent an election kit regarding her options under the pension election opportunity on August 17, 2017, and that Plaintiff contacted the Pension Election Help Desk. (Dkt. 24-2 KFHP000185-KFHP000207; KFHP000677-79.) Kaiser alleges that, to the extent the allegations of this paragraph refer to Plaintiff's telephone calls to the Pension Election Help Desk, the recordings of these calls are the best evidence of their contents and speak for themselves. (KFHP000677-79.) Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as so expressly admitted.

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

29. Answering paragraph 29 of the FAC, Kaiser admits that Plaintiff was informed of and aware of the October 31, 2017 deadline to revoke her lump sum benefit election before she made the lump sum benefit election. Kaiser alleges that, to the extent the allegations of this paragraph refer to Plaintiff's telephone calls to the Pension Election Help Desk, the recordings of these calls are the best evidence of their contents and speak for themselves. (KFHP000677-79.) Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

30. Answering paragraph 30 of the FAC, Kaiser admits that Plaintiff and/or her daughter contacted the Pension Election Help Desk. Kaiser alleges that, to the extent the allegations of this paragraph refer to Plaintiff's and/or her daughter's telephone calls to the Pension Election Help Desk, the recordings of these calls are the best evidence of their contents and speak for themselves. (KFHP000677-81.) Kaiser lacks sufficient information upon which to base a response to the remaining allegations of this paragraph and on that basis denies, generally and specifically, each and every allegation of this paragraph, except as expressly admitted.

31. Answering paragraph 31 of the FAC, Kaiser admits that Plaintiff and/or her daughter contacted the Pension Election Help Desk. Kaiser alleges that, to the extent the allegations of this paragraph refer to Plaintiff's and/or her daughter's telephone calls to the KRPC, the recordings of these calls are the best evidence of their contents and speak for themselves. (KFHP000677-99.) To the extend a response is required, Kaiser denies, generally and specifically, each and every remaining allegation of this paragraph, except as expressly admitted.

32. Answering paragraph 32 of the FAC, Kaiser admits that it received Plaintiff's benefits claim on March 26, 2018, which requested, among other requests, that Plaintiff be permitted to revoke her lump sum distribution election. Except as so expressly admitted, Kaiser denies, generally and specifically, each and every remaining allegation of this paragraph.

33. Answering paragraph 33 of the FAC, Kaiser admits that it received Plaintiff's benefits claim on March 26, 2018 and an appeal letter from Plaintiff's daughter on Plaintiff's behalf on October 2, 2018. Kaiser alleges that the remaining allegations of this paragraph state a legal

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

conclusion to which no response is required. To the extent a response is required, Kaiser denies, generally and specifically, each and every remaining allegation of this paragraph, except as so expressly admitted.

34. Answering paragraph 34 of the FAC, Kaiser denies, generally and specifically, each and every allegation of this paragraph.

35. Answering paragraph 35 of the FAC, Kaiser denies that the claims set forth in the FAC have any merit or that Plaintiff is entitled to any relief whatsoever.

36. Answering paragraph 36 of the FAC, Kaiser denies that the claims set forth in the FAC have any merit or that Plaintiff is entitled to any relief whatsoever.

37. Answering paragraph 37 of the FAC, Kaiser denies that the claims set forth in the FAC have any merit or that Plaintiff is entitled to any relief whatsoever.

38. Answering paragraph 38 of the FAC, Kaiser denies that the claims set forth in the FAC have any merit or that Plaintiff is entitled to any relief whatsoever.

39. Answering paragraph 39 of the FAC, Kaiser denies that the claims set forth in the FAC have any merit or that Plaintiff is entitled to any relief whatsoever.

40. Answering paragraph 40 of the FAC, Kaiser denies that the claims set forth in the FAC have any merit or that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Kaiser sets forth the following affirmative defenses on which it may rely in this matter. In referring to the following affirmative defenses, Kaiser does not intend to concede that it has the burden of proof relative to the matter asserted therein, or that any of the matter referred to is not a part of Plaintiff's affirmative burden of proof.

**FIRST AFFIRMATIVE DEFENSE**

As and for a first, separate and affirmative defense, Kaiser alleges that the FAC and each claim in the FAC fails to set forth a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

As and for a second, separate and affirmative defense, Kaiser alleges that Plaintiff's claim is barred, in whole or in part, because Kaiser did not directly, indirectly, or proximately cause or

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

contribute to any alleged damage, loss, or injury sustained by Plaintiff, if Plaintiff sustained any damage or loss at all, which Kaiser denies.

**THIRD AFFIRMATIVE DEFENSE**

As and for a third, separate and affirmative defense, Kaiser alleges that Plaintiff lacks Constitutional standing to pursue the relief sought in her FAC.

**FOURTH AFFIRMATIVE DEFENSE**

As and for a fourth, separate and affirmative defense, Kaiser alleges that, at all relevant times, Kaiser acted in good faith and did not induce, assist, participate, or engage in any act or omission that constitutes a violation of law, as alleged in the FAC or otherwise.

**FIFTH AFFIRMATIVE DEFENSE**

As and for a fifth, separate and affirmative defense, Kaiser alleges that, to the extent Plaintiff failed and/or neglected to use reasonable care to mitigate, minimize, or avoid the damages alleged, Kaiser is entitled to have any sum to which Plaintiff would otherwise be entitled reduced by such sums as could have been mitigated, minimized, or avoided.

**SIXTH AFFIRMATIVE DEFENSE**

As and for a sixth, separate, and affirmative defense, Kaiser alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff received all notices required by ERISA and its associated regulations, and these disclosures were in full compliance with ERISA and its associated regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

As and for a seventh, separate and affirmative defense, Kaiser alleges that Plaintiff's claims for relief are barred, in whole or in part, because Kaiser's conduct was at all times lawful, privileged, and/or justified.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for an eighth, separate and affirmative defense, Kaiser alleges that the FAC, and each cause of action asserted therein, is barred by the doctrine of waiver.

**NINETH AFFIRMATIVE DEFENSE**

As and for a nineth, separate, and affirmative defense, Kaiser alleges that Plaintiff's FAC and each claim for relief set forth therein is barred by the doctrine of unclean hands.

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

**TENTH AFFIRMATIVE DEFENSE**

As and for a tenth, separate, and affirmative defense, Kaiser alleges that judicial review of the merits of Plaintiff's claim for benefits is limited to the evidence and arguments presented during the Plan's internal claims and appeals administrative process because the Plan confers discretion on the Administrative Committee to administer claims under the Plan.

**ELEVENTH AFFIRMATIVE DEFENSE**

As and for an eleventh, separate, and affirmative defense, Kaiser alleges that Plaintiff's claims are barred by the terms of the Plan.

**TWELFTH AFFIRMATIVE DEFENSE**

As and for a twelfth, separate, and affirmative defense, Kaiser alleges that any benefits due under the Plan are subject to offset, integration, or other deductions or adjustments in accordance with the terms of the Plan.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As and for a thirteenth, separate, and affirmative defense, Kaiser alleges that Plaintiff's claims are barred, in whole or in part, because Kaiser has fully performed all of its obligations to Plaintiff under the terms of the Plan.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As and for a fourteenth, separate, and affirmative defense, Kaiser alleges that the actions of Kaiser were at all times conducted in good faith and in compliance with the terms of the Plan, and Plaintiff is therefore barred from recovery against Kaiser.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As for a fifteenth, separate, and affirmative defense, Kaiser presently has insufficient knowledge or information on which to form a belief regarding whether Kaiser may have additional, yet unstated affirmative defenses. Kaiser reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

WHEREFORE, Kaiser prays for relief as follows:

1. That the Court enter judgment in favor of Kaiser, and against Plaintiff;

2. That Plaintiff take nothing by way of her FAC;

3. For costs of suit herein, including reasonable attorney's fees; and

4. For such other and further relief as the Court may deem just and proper.

DATED: February 5, 2021

TRUCKER ✦ HUSS, APC

By: /s/ *Dylan D. Rudolph*
Clarissa A. Kang
Dylan D. Rudolph
Catherine L. Reagan
Attorneys for Defendant,
KAISER FOUNDATION
HEALTH PLAN, INC.

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

**CERTIFICATE OF SERVICE**

I, Michelle Ayala, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am employed in the City and County of San Francisco, California. My business address is One Embarcadero Center, 12th Floor, San Francisco, California 94111. On the date indicated below, I served the within:

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

to the addressee(s) and in the manner indicated below:

Lia C. Javier
805 Fieldstone Court
Brentwood, CA 94513
Telephone: (510) 701-1771
Email: shecancer777@yahoo.com

☒ **BY ELECTRONIC MAIL**: Pursuant to the Plaintiff's and KFHP's agreement to electronic service, on the above-mentioned date, I served a full and complete copy of the above-referenced document[s] by electronic mail to the person[s] at the email address[es] indicated.

I certify under penalty of perjury that the foregoing is true and correct, and that this Certificate of Service was executed by me on February 5, 2021, at Grass Valley, California.

/s/ *Michelle Ayala*
Michelle Ayala