Clarissa A. Kang, No. 210660
Dylan D. Rudolph, No. 278707
TRUCKER ✦ HUSS
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, CA  94111
Telephone:   (415) 788-3111
Facsimile:    (415) 421-2017
E-mail:       ckang@truckerhuss.com
              drudolph@truckerhuss.com

Attorneys for Defendant
KAISER FOUNDATION HEALTH
PLAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| LIA C. JAVIER,<br><br>              Plaintiff,<br><br>     vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>              Defendant. | Case No. 3:20-cv-00725-JD<br><br>**REPLY TO PLAINTIFF'S PURPORTED "MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT"**<br><br>Judge:  Hon. James Donato |

## I. INTRODUCTION

Plaintiff's purported "Memorandum in Opposition to Motion for Summary Judgment" (the "Opposition"; Dkt. 52) presents no support for her single claim for relief under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). On September 7, 2021, Plaintiff served Defendant Kaiser Foundation Health Plan, Inc. ("KFHP") with her Opposition, which was later reflected as filed on the Court's docket effective September 9, 2021 (Dkt. 52).[1] Notably, Plaintiff served KFHP with her Opposition *before* KFHP filed and served its Motion for Judgment on September 10, 2021 (the "Motion"; Dkt. 51). In any event, to the extent the Opposition was intended to oppose to KFHP's Motion, it presents no basis for the Court to deny KFHP's Motion.

Also, as KFHP anticipated in its Motion, Plaintiff has attempted to introduce outside evidence by way of three declarations that she filed with her Opposition (Dkt. 52-1, 52-2, 52-3). Those declarations should be struck because they are outside of the Administrative Record (Dkt. 24, 24-1, 24-2); they are by witnesses that Plaintiff did not disclose prior to the fact discovery cutoff; and they are premised on unreliable hearsay. Moreover, even if the Court were to consider the declarations (which it should not), the statements in those declarations do not support Plaintiff's claim for relief or warrant denial of KFHP's Motion.

For the reasons stated in KFHP's Motion, which are incorporated by reference, the Court should grant judgment in KFHP's favor and against Plaintiff on her sole claim for relief.

## II. ARGUMENT

### A. Plaintiff failed to support her only claim for relief.

As detailed in KFHP's Motion (Dkt. 51), Plaintiff has failed to support her only claim for relief because she has not demonstrated that the Kaiser Permanente Administrative Committee (the

---

[1] KFHP notes that, although the filing date reflected on the Court's docket for Plaintiff's Opposition is September 9, 2021, the docket entry is No. 52. KFHP's Motion for Judgment, which was filed effective September 10, 2021, was entered as docket entry No. 51. This appears to be based on the timing of when Plaintiff's *mailed* Opposition was filed on the Court's docket (KFHP's Motion was filed electronically).

-2-

REPLY TO PLAINTIFF'S PURPORTED "MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT"; Case No: 3:20-cv-00725-JD

"Committee") abused its discretion when it denied Plaintiff's pre-litigation benefit claim. In Plaintiff's First Amended Complaint ("FAC"), she asserts a single claim for relief under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). To succeed on that claim, Plaintiff must demonstrate that the Committee's decision to deny her benefit claim was illogical, implausible, or without support in the record. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011). Plaintiff has failed to carry that burden. Most notably, Plaintiff has *admitted* that she failed to revoke her benefit election by the applicable October 31, 2017 deadline as required under the Plan. The Plan terms do not permit any exception to that deadline, which Plaintiff's Opposition does not dispute. The Committee's decision to deny Plaintiff's claim was consistent with the Plan's terms and was by no means an abuse of discretion.

Instead of disputing the fact that she failed to revoke her benefit election before the deadline, Plaintiff's Opposition claims, without support, that KFHP denied her "rights as a disabled citizen" and did not give her "the help that [she] needed to make an informed decision." (Dkt. 52, p. 3.) While KFHP is sensitive to the fact that Plaintiff is disabled, the record shows that KFHP provided Plaintiff with detailed information about her election options, Plaintiff was aware of the deadline to revoke her election, and she failed to revoke her election before that deadline.

The record shows that KFHP provided Plaintiff with information about the different forms of the early distribution, rollover options, and potential tax implications of those decisions. (*See* Communication Log, Dkt. 24-2, p. 180; Notification Postcard, Dkt. 24-2, pp. 182-83; Benefit Election Kit, Dkt. 24-2, pp. 184-207; Communication Log, Dkt. 24-2, p. 180; Reminder Postcards, Dkt. 24-2, pp. 208-11.) Plaintiff was informed of her right to do nothing and receive her pension payments at normal retirement age. (*Id.*) Plaintiff spoke with Help Desk representatives prior to making her election (on at least three separate calls) and verified that she had received information about the election when she made the election online. (*See* Call Transcript, Dkt. 24-2, pp. 213, 217, 222, 233, 236; Election Confirmation, Dkt. 24-2, p. 242.) And, importantly, Plaintiff *admitted* that she was fully aware of the October 31, 2017 deadline to revoke her election before the election period expired and failed to revoke her election by that date. (FAC, Dkt. 29, ¶ 14; Call Transcript, Dkt. 24-2, p. 25.)

The Committee addressed Plaintiff's disability in its denial letter and correctly concluded that Plaintiff had been provided with all of this information. (*See* Denial Letter, Dkt. 24-2, pp. 360-61.)

KHFP is required to administer the Plan by its terms, and the Plan does not provide for any exception to its rules regarding Plaintiff's deadline to revoke her election. Moreover, the Plan does not allow KFHP to *reinstate* Plaintiff into the Plan because she later changed her mind about the lump sum benefit that she chose. Such an action would require that KFHP breach its fiduciary duties by failing to follow the Plan's terms. *See* ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D). Plaintiff's Opposition presents no support for her claim for relief, KFHP's Motion should be granted, and judgment should be entered in KFHP's favor and against Plaintiff.

### B. Plaintiff's extra-record evidence should be struck, but even if it is allowed it does not support Plaintiff's claim for relief.

Evidence in this lawsuit must be limited to the Administrative Record of Plaintiff's pre-litigation claim that was before the Committee when it rendered its decision. (*See* KFHP's Motion, Section V(B), Dkt. 52, pp. 9-11.) Plaintiff has never disputed the completeness of the Administrative Record that KFHP filed in this lawsuit. (Dkt. 24, 24-1, 24-2.)

With her Opposition, Plaintiff submitted three purported declarations from Plaintiff's sister, Tandreya Jackson (Dkt. 52-1); Plaintiff's daughter, Chelseay Javier (Dkt. 52-2); and Plaintiff's friend, Jonna LittleJon (Dkt. 52-3). *None* of these declarations were before the Committee when it denied Plaintiff's pre-litigation benefits claim, making them all improper extra-record evidence. *See Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 969-70 (9th Cir. 2006); *Jebian v. Hewlett–Packard Co. Employee Benefits Org. Income Prot. Plan,* 349 F.3d 1098, 1110 (9th Cir. 2003) ("under an abuse of discretion standard [the court's] review is limited to the record before the plan administrator"). These purported declarations should be struck.

Additionally, Plaintiff failed to identify these witnesses before the close of fact discovery, and she may not introduce this purported evidence in response to KFHP's Motion. (*See* Dkt. 51, p. 10 [describing Plaintiff's failure to disclose any witnesses before the close of fact discovery].) Plaintiff's pro se status does not relieve her obligations under the Federal Rules of Civil Procedure. *See Ghazali*

*v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure"); *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987); *Whitsitt v. City of Tracy,* No. 2:10–cv–0528-JAM, 2014 WL 2091363, at *5 (E.D. Cal. 2014); *Tveter v. Martinez,* No. CV 09-3331-CJC (DTB), 2009 WL 4931778, at *2 (C.D. Cal. 2009).

Even if the Court were to consider these declarations (which it should not), the declarations are based on unreliable hearsay and are not the best evidence of the circumstances surrounding Plaintiff's benefit claim. The declarations of Tandreya Jackson and Johna LittleJon rely entirely on conversations that they allegedly had with Plaintiff's daughter, Chelseay Javier, or that the declarants allegedly overheard when they were in the room with Plaintiff. (Dkt. 52-1, 52-3.) This hearsay should be excluded in the context of a dispositive motion. *See Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir. 2002) (affirming the entry of summary judgment against a plaintiff based on the district court's finding "that most of the evidence submitted … in support of her opposition to [the defendant's] motion for summary judgment was inadmissible due to inadequate authentication and hearsay"); *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988). Further, these statements should be disregarded because they are not the best evidence of the circumstances surrounding Plaintiff's election. *See Los Angeles News Service v. CBS Broadcasting, Inc.,* 305 F.3d 924, 935–36 (9th Cir. 2002) (holding that the district court did not abuse its discretion in excluding hearsay evidence and evidence that violated the best evidence rule in deciding a summary judgment motion). The best evidence of the circumstances surrounding Plaintiff's claim is the Administrative Record. (Dkt. 24-2.)

Moreover, the statements presented in the Jackson and LittleJon declarations are unhelpful to Plaintiff's claim for relief. The crux of both the Jackson and LittleJon declarations are that Plaintiff was not given "help" to understand the benefit election program. (*See, e.g.,* Dkt. 52-1, pp. 2-3; 52-3, pp. 2-3.) The record shows that Plaintiff was provided with detailed information about her options under the Special Distribution Election program, which she attested to when she made her election. (*See* Section II(A), *supra*.) In any event, Plaintiff has admitted that she was aware of the October 31, 2017 deadline to revoke her benefit election, and that she failed to revoke her election by that deadline.

-5-

(FAC, Dkt. 29, ¶ 14; Call Transcript, Dkt. 24-2, p. 25.)

Likewise, the declaration of Chelseay Javier is similarly unhelpful to Plaintiff's claim. Ms. Javier may have personal knowledge of the conversations that she had with the Help Desk and Retirement Center, but her declaration merely provides her memory of those conversations. (Dkt. 52-2, p. 3.) The best evidence of the content of those telephone calls are the transcripts of the calls, all of which are included in the Administrative Record. (Dkt. 24-2.)

Ultimately, none of the statements in any of the three declarations dispute the fact that Plaintiff was aware of the October 31, 2017 deadline to revoke her benefit election, she understood that deadline, and Plaintiff failed to revoke her election prior to that deadline.

### C. KFHP requests that the Court clarify the impact of Plaintiff's Administrative Motion to extend her opposition deadline.

As noted, Plaintiff served KFHP with her purported Opposition on September 7, 2021, which was filed on the Court's docket effective September 9, 2021 (Dkt. 52). On September 14, 2021, Plaintiff's daughter, Chelseay Javier, contacted counsel for KFHP to ask whether KFHP would agree to extend Plaintiff's deadline to file an opposition to KFHP's Motion for Judgment. Counsel for KFHP responded that it needed clarification about whether Plaintiff intended to file an *additional* opposition to KFHP's Motion, since Plaintiff had previously served KFHP with her purported Opposition on September 7, 2021. Counsel for KFHP never refused to allow the extension. Neither Plaintiff nor her daughter responded to that inquiry. On September 17, 2021, Plaintiff served KFHP with her Administrative Motion to extend Plaintiff's deadline to file an opposition to KFHP's Motion for Judgment, which was filed on the Court's docket effective September 20, 2021 (Dkt. 54).

It is still unclear whether Plaintiff intends to file *another* opposition in this matter, but to meet its deadline under the Court's Local Civil Rules, KFHP filed this Reply to the "Opposition" that was filed on September 9, 2021 (but which was due to be filed on September 24). KFHP requests that the Court clarify whether it will permit Plaintiff to file another "opposition" in this matter, and, if not, to deny Plaintiff's Administrative Motion as moot.

///

## III. CONCLUSION

For the foregoing reasons, the Court should grant KFHP's Motion for Judgment, and enter judgment in KFHP's favor and against Plaintiff on Plaintiff's single claim for relief.

DATED: October 1, 2021             TRUCKER ✦ HUSS

By: *Dylan D. Rudolph*
    Clarissa A. Kang
    Dylan D. Rudolph
    Attorneys for Defendant
    KAISER FOUNDATION HEALTH PLAN, INC.

# CERTIFICATE OF SERVICE

I, Scheryl Warr, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am employed in the City and County of San Francisco, California. My business address is One Embarcadero Center, 12th Floor, San Francisco, California 94111. On the date indicated below, I served the within:

**REPLY TO PLAINTIFF'S PURPORTED "MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

to the addressee(s) and in the manner indicated below:

> Lia C. Javier
> Plaintiff
> 805 Fieldstone Court
> Brentwood, CA 94513
> Telephone: (510) 701-1771
> Email: shecancer777@yahoo.com

☑ **BY ELECTRONIC MAIL:** Pursuant to the Parties' agreement to electronic service, on the above-mentioned date, I served a full and complete copy of the above-referenced document[s] by electronic mail to the person[s] at the email address[es] indicated.

I certify under penalty of perjury that the foregoing is true and correct, and that this Certificate of Service was executed by me on October 1, 2021, at San Francisco, California.

/s/ *Scheryl Warr*
Scheryl Warr