Clarissa A. Kang, No. 210660
Dylan D. Rudolph, No. 278707
Catherine L. Reagan, No. 327702
TRUCKER ✦ HUSS
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA  94105
Telephone:    (415) 788-3111
Facsimile:    (415) 421-2017
E-mail:        ckang@truckerhuss.com
              drudolph@truckerhuss.com
              creagan@truckerhuss.com

Attorneys for KAISER FOUNDATION
HEALTH PLAN, INC., incorrectly named
and sued as KAISER PERMANENTE
RETIREMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| LIA C. JAVIER, | Case No. 3:20-cv-00725-JD |
| Plaintiff, | **JOINT STATUS REPORT** |
| vs. | |
| KAISER PERMANENTE RETIREMENT, | Date:   February 2, 2023 |
| Defendant. | Time:   10:00 a.m. |
| | Dept:   Courtroom 11, 19th Floor |
| | Judge:  Hon. James Donato |

Plaintiff Lia C. Javier ("Plaintiff") and Defendant Kaiser Foundation Health Plan, Inc. ("KFHP") (together, the "Parties") submit this Joint Status Report pursuant to the Court's January 6, 2023 Order Re Status Conference (Dkt. 65), as follows:

**1.    Jurisdiction and Service:**

This Court has federal question jurisdiction over the subject matter of this case under 28 U.S.C. § 1441 and 28 U.S.C. §1331 because Plaintiff seeks to revoke her benefit election under the Kaiser Permanente Salaried Retirement Plan Supplement to the Kaiser Permanente Retirement Plan (the "Plan"), which is an "employee pension benefit plan" as defined under Employee Retirement Income Security Act of 1974, as amended ("ERISA") § 3(2), 29 U.S.C. § 1002(2).

Venue is proper in the United States District Court for the Northern District of California under 29 U.S.C. § 1132(e)(2) and the terms of the ERISA Plan.

**2.    Facts:**

**KFHP's Position**

KFHP refers the Court to the facts described and supported in KFHP's pending Motion for Judgment (Dkt. 51, 59), and incorporates those facts by reference.  KFHP summarizes certain relevant facts as follows:

Plaintiff was a participant in the Plan and received mailings in August and September of 2017, including an election kit and post cards, announcing a Special Distribution Election opportunity under the Plan, whereby Plaintiff could elect a lump sum payout of her Plan benefits.  According to the mailings, Plaintiff was required to make the Special Distribution Election by October 5, 2017 if she wished to receive a single lump sum distribution under the Plan.  During one of several recorded calls with the Pension Election Help Desk ("Help Desk"), Plaintiff confirmed with the Help Desk that she had until October 31, 2017 to cancel her election if she changed her mind.  On October 4, 2017, during a recorded call, Plaintiff said "I can go online and just accept it.  Their one lump sum, but then **by October 31st** I could just, uh, tell them, 'No, I changed my mind,' and it will go back to normal, right?" (emphasis added).  To which the Help Desk representative responded, "Correct."  Then, later that same day, Plaintiff completed an online election kit and elected a lump sum payment under the Special Distribution Election.

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

JOINT STATUS REPORT; Case No: 3:20-cv-00725-JD
7093826.1

On November 10, 2017, Plaintiff was issued a check in the net amount of $29,263.94 as her elected lump sum distribution under the Plan (gross amount payable, $37,517.88, with $8,253.94 withheld for federal and state taxes). After the October 31, 2017 deadline to revoke the election, and after receiving the elected lump sum distribution from the Plan, Plaintiff called the Help Desk and the Kaiser Permanente Retirement Center several times in an attempt to revoke her election. Plaintiff asserted during those later calls that she did not realize how much would be taken out for taxes and that she should not have been rushed to make the decision because she was disabled. Plaintiff did not, however, dispute that she was aware of and failed to revoke her election by the October 31, 2017 deadline.

On March 26, 2018, the Plan received Plaintiff's claim inquiry form requesting that she be permitted to revoke her single lump sum election under the Plan. Attached to Plaintiff's claim inquiry form were several documents including a handwritten letter, and both a notice and decision from the Social Security Administration finding that Plaintiff was disabled. On June 21, 2018, the Plan sent Plaintiff a notice of denial on the grounds that the Plaintiff failed to revoke her election by the deadline, October 31, 2017. This letter provided that Plaintiff signed a statement in the election kit stating she understood that she should consult her professional tax advisor about receiving the lump sum benefit payment, and that federal income tax would be withheld at the rate of 20%, and additional state tax may be withheld if applicable. On October 2, 2018, the Plan received an appeal letter from Plaintiff's daughter, Chelseay Javier, on Plaintiff's behalf. On December 10, 2018, the Plan sent Plaintiff a notice of decision on appeal, informing her that the Appeals Subcommittee of the Kaiser Permanente Administrative Committee (the "Committee") had reviewed Plaintiff's appeal requesting that the Plan revoke her lump sum pension election made under the one-time pension election opportunity program, and the Committee denied the appeal.

The Court should review the Committee's decision under the abuse of discretion standard, because the Plan affords the Committee discretion to decide benefit claims. The Administrative Record of Plaintiff's benefit claim (the "Administrative Record") provides the relevant record for the Court's determination of the Plaintiff's claim. In rendering its decision, the Committee reviewed the applicable Plan provisions, transcripts of the Plaintiff's recorded calls, the completed claim inquiry

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

form and all attachments (received March 26, 2018), the notice of denial (dated June 21, 2018), and the appeal letter sent by Chelseay Javier on her mother's behalf, received October 2, 2018. Based on the Administrative Record of Plaintiff's claim (which includes the applicable Plan documents), the Committee's denial was proper under the Plan's terms, and was by no means an abuse of its discretion.

**Plaintiff's Position**

I, Lia C. Javier am declared mentally disabled, since April of 2010. My daughter Chelseay Javier is doing everything for me with this case, and she is doing the best she can working full time and taking care of me full time.

- o I was told about this retirement cash out by a card in that came in the mail. I called the number and told them I didn't understand the significance of it because I was mentally disabled and I didn't understand, but I wanted to ask my daughter because I needed to save our house. The representative stated the were a company that Kaiser Foundation Plan Inc., hired and they could not help me with more information, they just said you have either accept it or deny it by sometime in October and that I had until the end of October to cancel it. During that time I still kept asking for help to speak to the Retirement department.
- o My daughter and I called my previous job receptionist in downtown Oakland and know one new. We checked the internet there was no information available. Called numerous amounts of time, my daughter Chelseay called as well with no help, they would not give us any phone numbers to anyone. I needed help to make the right decision, I didn't change my mind just because, I changed my mind because there should have been more help for someone who is mentally disabled, and there was not. I would have had to pay taxes on money that was totally taking everything from my future. I was issued a check in the amount of $29, 263 94. Where would I get the money to pay those taxes or any taxes for that matter. I am on SSDI how could I afford to pay anything, I can't even afford to pay my mortgage/PG&E and Water & Garbage, without the help of my children.

- I received a card about a cash out offer from Kaiser in the mail, I thought it was a blessing because I was past due on my mortgage and I needed to pay all of the back payments, if not I would be in foreclosure.
- It came with little to no instructions so I called the number and they told me to take the lump sum offer and if I changed my mind I could cancel before October 31, 2017. I asked could my daughter call and get all the information for me and they told me no, I told them that I was mentally disabled and they still told me no.
- During that month I tried to call to get the correct information concerning the cash out but they told me they were just hired to do a job and I would have to find KFPH on the website. They would not give me **any** information concerning KFPH. I was stuck between a rock and hard place and I became very overwhelmed and ill. After the deadline had passed they sent a pamphlet in the mail stating that could have helped me make a decision, but me and my daughter and my sisters were even more confused.
- After so many attempts to get help from Kasier Foundation Health Plan Inc., Nov 1, 2017, Kaiser's Retirement plan phone number was able to be seen. I immediately called and spoke with a few representatives and was finally able to speak to a supervisor in that department. She informed me that since I am mentally disabled I would have been able to ask for a loan

off of my retirement to save my home, which I would have had to be approved for, and that the company KPHP hired should have given me the KPHP Retirement department. She told me that I could appeal it, but she didn't think I would have a chance. I was not going to give up as KPHP is the main reason I am mentally disabled today.

KPHP denied my request to be reinstated and told me they sent me a booklet to explain which I did not receive, although they sent the booklet out after the deadline. I did not understand because I do not know anything about annuities and taxes etc. After they denied me they told me to take it to court. I did but I served the wrong address, which was on the denial letter, and the wrong court. I called the KPHP Retirement department they said that they couldn't give me that information and I called all around again and once again. KPHP stated that they never received my served court case and also I did not know that it was under federal Jurisdiction.

I don't know anything about filing paperwork but my daughter Chelseay has been doing everything for me and it us very taxing on her as well as me. My blood pressure can not come down because what KPHP has put me through is mentally and physically taking off years of my life. I wake up with panic attacks, I cry all the time, my legs are swollen and they can't find the right BP or anxiety, mental disorder medicine for me.

- o KPHP wanted to have my case thrown out because I served the wrong address, so I thank God for Judge Donato for having KPHP give me the correct address so I could serve them correctly, which I was able to do so.
- I wanted to hire a lawyer to do this for me but they wanted me to pay up front. I am a low income mentally disabled citizen on SSDI and I cannot afford it, so the Court gave me information for legal help for federal court that has been a tremendous help and a God-send.
- I am not familiar with courts and filing paperwork as KPHP lawyers are, so I didn't send the witness statements in on time as I didn't know what I had to do as I am getting legal help through the federal courts and my daughter that is doing this is very overwhelmed. She is now 32 but she has been taking care of me since mid 2010 and she has given up a lot of her youth for me.
- I feel that I have been discriminated against, as I should have received more help from KFHP knowing that I was mentally disabled. My daughter had to change jobs 3 times because she needed to have a flexible schedule and be closer to home.
- I want Judge Donato to rule in my favor as Kaiser has proven so many times to take advantage of my lack of knowledge with federal law and my rights as a mentally disabled citizen.
- Both parties have met before Magistrate Judge Laurel Beeler, and still did not agree. My daughter told them she will not take any less than reinstated status since from the time when I worked at KFPH or a sum that would come monthly until the designated allotted time. KHFP stated no, we'll give your mother almost a few thousand more, take it or leave it! She told them No! She'll leave it!
- I have not been the same since this cash out/ court case. My daughter will have to speak for me as I am on medication for my mental disability and I am not always coherent or stable. I or my daughter will not be able to appear in court, as mentioned before my daughter can speak for me via telephone as my psychiatrist has already stated in 2 previous letters.
  - o I am asking that Kaiser either reinstates me in my KPHP Retirement plan as if it were never absolved/cashed out, pay me the sum monthly benefits that I would have received after retirement or one lump payment sum of a fair amount plus pain and suffering as this has been an ongoing ordeal from KFWHP.
  - o KFHP has paid its lawyers for a lawsuit that could have been handled immediately, but was denied immediately, which refuses to pay a loyal, hardworking, kindhearted black woman who was laid off a week after she purchased her home. I am also asking that Judge Donato continues to make the decision to help me seek compensation for this

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

1   injustice. I thank Judge Donato and the Court for its time and consideration. Thank you.
    Lia C. Javier

2   **3.**   **Legal Issues:**

3   **KFHP's Position**

4   Did the Committee abuse its discretion when it decided that Plaintiff was not entitled to revoke

5   her lump sum pension benefit election because Plaintiff failed to revoke her election by the October

6   31, 2017 deadline?

7   **Plaintiff's Position**

8   I made several attempts to get more information on KFPH cash out offer, but I wasn't able to get the

9   help that I needed to make a sound decision. I asked the company KPHP hired to assist me, but they

10  said they weren't able to give me any information or phone numbers. They were only required to see

11  if I wanted to take advantage of the cash out offer and nothing more.

12  I only received a card with little to no information about the cash out offer. I was told I could change

13  my mind before October 31, 2017. During this time I didn't know the full disclosure about the cash

14  out being taxed or IRA's, how it would affect my SSDI, or anything to that effect. I still had nothing

15  to go on as far as my decision.

16  I was trying to look on the internet for KFPH Retirement phone number but I could not find

17  anything. I asked my Aunts to help me search, but we all came up with nothing. It was as  if it was

18  hidden from the world. After the cash out offer had expired, which was actually within the  next 2

19  days, the phone number to KPHP Retirement had revealed itself. I immediately called the number

20  and talked with a representative and explained it to the best of my ability to them what happened, and

21  they said that they couldn't help me. I waited for my daughter to come home and explained to her

22  what happened. She wrote down what to say to the next day when I had called. I asked for a supervisor

23  and she helped me and said that I could have asked for a loan from my retirement, although it may

24  not be approved, it would not effect my SSDI or taxes. She also stated to me that I would have to

25  appeal it, but she didn't think that KFHP would reinstate me. All I could was still try.

26  I sent the information back to the address for an appeal and KFHP denied me twice and told me to

27  file a lawsuit but never told me it would be  federal lawsuit.  I filed it with Martinez courthouse, they

28  threw it out  because it was a federal case. Kaiser wanted to have Judge Donato to rule immediately

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

1  in their favor because I didn't have any of the correct information to serve Defendant. I am not a

2  lawyer or to pretend to know the law to the full extent, however I know that KFPH has once taken

3  advantage of my lack of knowledge and mental disability.

4  **4.**  **Motions:**

5      **KFHP's Position**

6      KHFP filed its Motion for Judgment, which is fully briefed and pending before this Court (*see*

7  Dkt. 51, 55, 58, and 59).  This case will be resolved on KFHP's Motion for Judgment because

8  Plaintiff's only claim for relief is for Plan benefits under ERISA § 502(a)(1)(B), 29 U.S.C. §

9  1132(a)(1)(B).  The only legal issue before the Court under Plaintiff's single claim for relief is

10  whether the Plan's Committee abused its discretion when it denied Plaintiff's benefit claim, which is

11  presented to the Court in KFHP's Motion for Judgment. If the Court determines that the Committee

12  did not abuse its discretion, as it should, then Plaintiff's single claim for relief will fail and judgment

13  must be entered in KFHP's favor.  If the Court determines that the Committee did abuse its discretion,

14  then judgment will be entered in favor of Plaintiff.

15      **Plaintiff's Position**

16      Depending on the ruling on Defendant's motion, Plaintiff, may or may not currently anticipate

17  filing any further motions.

18  **5.**  **Contemplated Amendments to the Pleadings:**

19      The deadline to add parties or amend the pleadings is closed. (Dkt. 43.)

20  **6.**  **Evidence Preservation:**

21      Discovery in this lawsuit was limited to the Administrative Record, as previously agreed upon

22  by the Parties (*see* Dkt. 21, ¶¶ 6, 8).  KFHP filed the Administrative Record in this lawsuit on June

23  26, 2020 (Dkt. 24) and produced the Administrative Record to Plaintiff on June 29, 2020.

24      Plaintiff and KFHP have taken steps to preserve other evidence outside of the Administrative

25  Record, to the extent production of any such evidence will be necessary.

26  **7.**  **Disclosures:**

27      **KFHP's Position**

28      KFHP served Plaintiff with Initial Disclosures under Federal Rule 26(a)(1) on April 24, 2020.

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

1    Plaintiff filed a document purporting to be initial disclosures, after her deadline to do so, on August

2    26, 2021. (Dkt. 50.)

3    **Plaintiff's Position**

4    This was already discussed in previous meetings/filings etc. My daughter is not an attorney

5    as she has continued to work with proper legal aide/advice/help that had been offered while being my

6    caregiver, power of attorney and working a regular job. There is only a very small window, although

7    greatly appreciated, for help from the federal courts. My daughter and I have no experience with legal

8    proceedings. I am low income and only have SSDI and food banks, etc.

9    **8.    Discovery:**

10    Discovery is closed. The fact discovery cutoff was on June 11, 2021, and expert discovery

11    cutoff was on August 13, 2021. (*See* Dkt. 43, p. 1.)    As noted above, the Parties previously agreed

12    that discovery in this lawsuit was limited to the Administrative Record (*see* Dkt. 21, ¶¶ 6, 8), which

13    KFHP filed on June 26, 2020 (Dkt. 24) and produced to Plaintiff on June 29, 2020. Plaintiff did not

14    timely dispute the completeness of the Administrative Record and, consequently, waived her right to

15    do so. The discovery period has now passed without any discovery propounded.

16    **9.    Class Actions:**

17    Not applicable.

18    **10.    Related Cases:**

19    There are no related cases pending in any state or federal court at this time.

20    **11.    Relief:**

21    **KFHP's Position**

22    Plaintiff seeks to revoke her election to take a lump sum distribution under the Plan, and to be

23    reinstated as an active participant in the Plan. (Dkt. 29.) In her First Amended Complaint, Plaintiff

24    has asserted a single claim for relief under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Under

25    ERISA § 502(a)(1)(B), the only forms of relief that are available to Plaintiff are "to recover benefits

26    due to [her] under the terms of the plan, to enforce [her] rights under the terms of the plan, or to clarify

27    [her] rights to future benefits under the terms of the plan." Any other types of relief that fall outside

28    of those express forms, including money damages or for pain and suffering, are not available to

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

Plaintiff under ERISA based on the claim asserted in her First Amended Complaint.

KFHP does not currently seek any relief other than final judgment in its favor with respect to Plaintiff's claim.  KFHP reserves its right to seek additional or different relief in the future, including an award of attorney's fees and costs.

**Plaintiff's Position**

The outside contractor that KPHP hired could have given me Kaiser's Retirement Department phone number so I could have made a sound decision.  If they were not allowed to give anyone KFHP phone number they could have given them my contact number so I could have had all of the information needed.  I want to either be reinstated as if I had never taken the cash out or be compensated with a sum that would be equivalent to the amount accumulated for the allotted years/retirement monthly payments.  I also want to add monies that the court deems fair for pain and suffering.

**12.  Settlement and ADR:**

The Parties participated in a settlement conference before Magistrate Judge Laurel Beeler on June 10, 2021, during which Plaintiff was represented by a court appointed attorney, Dominique Thomas of Littler Mendelson (*see* Dkt. 40-42, 44-49).  The case did not settle.  The Parties participated in later informal settlement negotiations but were unable to settle this case.

**13.  Consent to Magistrate Judge For All Purposes:**

The Parties do not consent to a magistrate judge conducting all further proceedings including trial and entry of judgment.

**14.  Other References:**

Not applicable.

**15.  Narrowing of Issues:**

The Parties agree that the only issue before the Court is whether the Committee abused its discretion in denying Plaintiff's claim and appeal in which Plaintiff sought to revoke her election for a lump sum distribution under the Plan and be reinstated as an active participant in the Plan.

**16.  Expedited Trial Procedure:**

See Item 17, below.

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

1    **17.**    <u>**Scheduling**</u>:

2        The Parties believe this case can be resolved on KFHP's Motion for Judgment under Federal

3 Rule 52(a) based on a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

4 The Parties request and agree that the hearing on KFHP's Motion for Judgment should be held on

5 March 2, 2023 at 10:00 a.m. before this Court, or on a later date to be determined by the Court.

6    **18.**    <u>**Trial**</u>:

7        The Parties agree that this case can be resolved on KFHP's Motion for Judgment and no trial,

8 and therefore no witnesses, will be necessary.

9    **19.**    <u>**Disclosure of Non-Party Interested Entities or Persons**</u>:

10        <u>**Plaintiff's Disclosure**</u>

11        Added/Included

12        <u>**KFHP's Disclosure**</u>

13        KFHP filed its "Certification of Interested Entities or Persons" as required by Local Rule 3-

14 16 (Dkt. 4) and certified that the following listed persons, associations of persons, firms, partnerships,

15 corporations (including parent corporations) or other entities (i) have a financial interest in the subject

16 matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject

17 matter or in a party that could be substantially affected by the outcome of this proceeding: Kaiser

18 Foundation Health Plan, Inc. and the Kaiser Permanente Salaried Retirement Plan Supplement to the

19 Kaiser Permanente Retirement Plan.

20    **20.**    <u>**Professional Conduct**</u>:

21        The attorneys of record for KFHP have reviewed the Guidelines for Professional Conduct for

22 the Northern District of California.

23    **21.**    <u>**Other Matters**</u>:

24        Plaintiff has a letter from her doctor explaining her request to have any court proceedings

25 via telephone by her daughter Chelseay Javier as Lia Javier is mentally unstable. (Dkt. 63). KFHP

26 does not object to Plaintiff's request.

27

28

*Trucker ♦ Huss*
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

-10-

1    Dated: January 26, 2023                    LIA C. JAVIER

2

3                                               By: /s/ Lia C. Javier
                                                    LIA C. JAVIER
4                                                   Plaintiff (Pro se)

5

6    Dated: January 26, 2023                    TRUCKER ✦ HUSS, APC

7                                               By: /s/ Dylan D. Rudolph
8                                                   Clarissa A. Kang
                                                    Dylan D. Rudolph
9                                                   Catherine L. Reagan
                                                    Attorneys for KAISER FOUNDATION HEALTH
10                                                  PLAN, INC. incorrectly named and sued as
                                                    KAISER PERMANENTE RETIREMENT
11

12

13        Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has

14   been obtained from each of the other signatories.

15

16   Dated: January 26, 2023                    TRUCKER ✦ HUSS, APC

17                                               By: /s/ Dylan D. Rudolph
18                                                   Clarissa A. Kang
                                                    Dylan D. Rudolph
19                                                   Catherine L. Reagan
                                                    Attorneys for KAISER FOUNDAITON HEALTH
20                                                  PLAN, INC., incorrectly named and sued as
                                                    KAISER PERMANENTE RETIREMENT
21

22

23

24

25

26

27

28

Trucker ✦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

JOINT STATUS REPORT; Case No: 3:20-cv-00725-JD
7093826.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105

**CERTIFICATE OF SERVICE**

I, Dylan Rudolph, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am employed in the City and County of San Francisco, California. My business address is One Embarcadero Center, 12th Floor, San Francisco, California 94111. On the date indicated below, I served the within:

**JOINT STATUS REPORT**

to the addressee(s) and in the manner indicated below:

Lia C. Javier
805 Fieldstone Court
Brentwood, CA 94513
Telephone: (510) 701-1771
Email: rainbowme777@yahoo.com

☒    **BY ELECTRONIC MAIL**: Pursuant to the Plaintiff's and KFHP's agreement to electronic service, on the above-mentioned date, I served a full and complete copy of the above-referenced document[s] by electronic mail to the person[s] at the email address[es] indicated.

I certify under penalty of perjury that the foregoing is true and correct, and that this Certificate of Service was executed by me on January 26, 2023, at San Francisco, California.

_____/s/ Dylan D. Rudolph_____
Dylan Rudolph