Clarissa A. Kang, No. 210660
Dylan D. Rudolph, No. 278707
Catherine L. Reagan, No. 327702
TRUCKER ✦ HUSS
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA 94105
Telephone:    (415) 788-3111
Facsimile:    (415) 421-2017
E-mail:       ckang@truckerhuss.com
              drudolph@truckerhuss.com
              creagan@truckerhuss.com

Attorneys for KAISER FOUNDATION
HEALTH PLAN, INC., incorrectly named
and sued as KAISER PERMANENTE
RETIREMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| LIA C. JAVIER,<br><br>          Plaintiff,<br><br>     vs.<br><br>KAISER PERMANENTE RETIREMENT,<br><br>          Defendant. | Case No. 3:20-cv-00725-JD<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**<br><br>Date:  July 6, 2023<br>Time:  10:00 a.m.<br>Dept:  Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

Defendant Kaiser Foundation Health Plan, Inc. ("Defendant") opposes the Motion for Relief from a Judgment or Order under Federal Rule of Civil Procedure 60(b)(1) ("Motion"; Dkt. 75) filed by Plaintiff Lia Javier ("Plaintiff") as follows:

**I.   INTRODUCTION**

Plaintiff has not established the exceptional circumstances required for relief under Federal Rule of Civil Procedure 60(b)(1), and the Court should deny her Motion. After Plaintiff failed to appear at a February 2, 2023 status conference in this case, the Court issued an Order to Show Cause ("OSC") that required Plaintiff to demonstrate why this lawsuit should not be dismissed for failure to prosecute and cautioned that failure to timely respond to its OSC would result in dismissal of Plaintiff's case. Dkt. 68. Plaintiff failed to respond to the OSC, and the Court dismissed Plaintiff's case and entered judgment in Defendant's favor on March 14, 2023. Dkt. 72, 73. Plaintiff now seeks relief from the Court's order and judgment under Federal Rule 60(b)(1), which requires that she demonstrate entitlement to this relief due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pro. 60(b)(1). Plaintiff's Motion fails to meet her burden to obtain relief under Federal Rule 60(b)(1), and it should be denied for two independent reasons:

*First,* Plaintiff's Motion does not identify a mistake that would justify relief under Federal Rule 60(b)(1). In her Motion, Plaintiff seeks relief from the Court's order and judgment based on two of her own alleged misjudgments – that: (1) her February 6, 2023 letter was sufficient to satisfy the Court's concerns such that she did not need to respond to the OSC because the Court would simply set a new status conference; and (2) her daughter, who is not an attorney, could represent her in this lawsuit, so she need not respond to the OSC. Dkt. 75, p. 2. Both of those alleged misunderstandings are insufficient to establish the extraordinary circumstances that warrant relief under Federal Rule 60(b)(1). The Court has already considered and rejected the notion that Plaintiff's February 6, 2023 letter satisfied the Court's concerns in its OSC. Dkt. 72. And although Plaintiff might now regret allowing her daughter to represent her in this action and failing to respond to the OSC (both of which resulted in dismissal of her case), her regret is not a basis for relief under Federal Rule 60(b)(1).

*Second*, the arguments in Plaintiff's Motion still fail to respond to the Court's OSC because Plaintiff has not demonstrated that she will be able to prosecute this lawsuit. In the February 6, 2023

-1-

letter that Plaintiff submitted to the Court, her treating physician unequivocally stated: "Ms. Javier is not able to represent herself in a courtroom in a clear and constructive way." Dkt. 69, p. 4. Plaintiff has not submitted any new evidence, with her Motion or otherwise, demonstrating a change in her medical circumstances, and why she is now able to meaningfully represent herself in this lawsuit.

Relief from an order or judgment under Federal Rule 60 is extraordinary relief that requires a showing of exceptional circumstances. *See Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992). Plaintiff's Motion does not identify any mistakes that would justify relief under Federal Rule 60(b)(1) or respond to the Court's concerns in its OSC – let alone demonstrate exceptional circumstances that would warrant this extraordinary relief. Plaintiff's Motion should be denied, and the Court's order and judgment should stand.

## II.  **RELEVANT BACKGROUND**

Defendant removed this action to federal court on January 31, 2020. Dkt. 1. The Court later granted in part and denied in part a motion to dismiss filed by Defendants, Plaintiff was given leave to amend, and Plaintiff filed her First Amended Complaint ("FAC") on December 3, 2020. Dkt. 26, 29. Defendant answered Plaintiff's FAC on February 5, 2021. Dkt. 33. The parties then stipulated to refer this case to a settlement conference, and this case was referred to a settlement conference before Magistrate Judge Laurel Beeler. Dkt. 36, 39. Plaintiff was appointed counsel to represent her in the settlement conference, but the parties were unable to reach a settlement. Dkt. 34, 48.

On September 10, 2021, Defendant filed a motion for judgment. Dkt. 51. Plaintiff filed an opposition to Defendant's motion on October 25, 2021, and with her opposition Plaintiff submitted a letter from her physician explaining that Plaintiff was unable to be present in the courtroom due to "ongoing permanent mental health issues" and requesting that she attend hearings via telephone. Dkt. 58, 58-2. Briefing on the motion for judgment closed with Defendant's filing its reply brief on November 5, 2021. On January 14, 2022, Plaintiff filed a request to have her daughter, Chelsea Javier, speak on her behalf at the hearing on Defendant's motion for judgment. Dkt. 63.

The Court stayed this case for nearly a year in response to the letter from Plaintiff's physician, before setting a status conference on February 2, 2023. Dkt. 62, 65. After Plaintiff failed to appear at the status conference, the Court issued its OSC why the case should not be dismissed for lack of

prosecution, noting that, while the Court was sympathetic to Plaintiff's predicament, her daughter is not an attorney and cannot represent her in Court. Dkt. 67, 68. The OSC further stated that "the case was filed in 2020 and has languished for the most part since then. Consequently, [Plaintiff] is ordered to show cause in writing by **February 24, 2023**, why this case should not be dismissed for lack of prosecution . . . A failure to meet this deadline will result in dismissal under Rule 41(b)." *Id.* (emphasis in original). That same day, the clerk entered a February 6, 2023 letter on the docket that Plaintiff mailed to the Court, which attached a new letter from her physician, explaining that Plaintiff "is not able to represent herself in a courtroom in a clear and constructive way." Dkt. 69. On March 14, 2023, the Court issued an order dismissing the case without prejudice. Dkt. 72, 73. In its order, Court noted that the "letter filed on February 6, 2023, did not respond to the Court's concerns." *Id.*

The Court entered judgment in Defendant's favor on March 14, 2023. Dkt. 73. Plaintiff's deadline to appeal the Court's judgment was April 13, 2023. Fed. R. App. Pro. 4(a)(1)(A). Plaintiff has not appealed the Court's judgment. Plaintiff's Motion was entered on the Court's docket May 4, 2023, on which date Defendants received notice of the filing. Dkt. 75-77.[1]

### III.  **STANDARD OF REVIEW**

Under Federal Rule 60(b)(1), "the court may relieve a party … from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pro. 60(b)(1). "Neither ignorance nor carelessness on the part of the litigant … provide grounds for relief under Rule 60(b)(1)." *Engleson*, 972 F.2d at 1043. A motion under Rule 60(b)(1) is properly denied where a plaintiff "fails to present evidence, arguments, or exceptional circumstances warranting relief." *Castillo v. Johnson*, No. EDCV 18-2187), 2021 WL 4619919, at *5 (C.D. Cal. July 27, 2021).

---

[1] The Court's docket reflects a notice that a document was "FILED IN ERROR" on April 20, 2023, which appears to be related to Plaintiff having mailed her Motion to the Court. Defendant was not aware of whether the Court would accept this erroneously submitted document and Defendant did not receive notice that Plaintiff's Motion had been formally entered on the Court's docket until May 4, 2023 through the CM-ECF system. Although Plaintiff's Certificate of Service on her Motion indicates that she served Defendant by U.S. Mail, Defendant never received the Motion by mail. On May 11, 2023, Defendant received an email from Plaintiff's daughter, Chelseay Javier, that her mailed Motion purportedly came back undelivered.

-3-

## IV. ARGUMENT

### A. Plaintiff's alleged mistakes of law are not sufficient to justify this relief.

Plaintiff has not established the extraordinary circumstances necessary to obtain relief from the Court's judgment based on a mistake of law under Federal Rule 60(b)(1). Plaintiff's Motion seeks relief from the Court's order and judgment based on her own alleged mistakes that: (1) the psychiatric recommendation letter that was entered on the Court's docket on February 6, 2023 would allay the Court's concerns and result in the Court setting another status conference, thereby satisfying the OSC, and (2) her non-lawyer daughter, Chelseay Javier, could represent her in this lawsuit, so Plaintiff need not respond to the OSC. Dkt. 75, p. 2. Even if true, neither of those alleged mistakes justifies relief from the Court's judgment under Rule 60(b)(1).

Regarding Plaintiff's first alleged mistake of law, the Court's order dismissing Plaintiff's lawsuit concluded that "the letter filed on February 6, 2023, did not respond to the Court's concerns [in its OSC]." Dkt. 72. Plaintiff's alleged failure to understand the Court's order is not a sufficient basis to justify relief under Federal Rule 60(b)(1). *See Pioneer Inv. Services Co. v. Brunswick Ass. Ltd. Part.,* 507 U.S. 380, 392 ("inadvertence, ignorance of the rules, or mistakes construing the rules" do not satisfy the Rule 60(b)(1) standard). Plaintiff had an obligation to respond to the Court's OSC, which she failed to do. Plaintiff's Motion does not address her failure to respond to the OSC, or otherwise attempt to justify her failure to address the Court's concerns. That mistake in judgment cannot form the basis for relief under Federal Rule 60(b)(1), even if Plaintiff now regrets her decision.

Likewise, Plaintiff's second alleged mistake of law – that her daughter could represent her in this case – does not establish extraordinary circumstances that warrant relief under Federal Rule 60(b)(1). It was Plaintiff's responsibility to know that either she needed to appear in this case herself or a licensed attorney needed to represent her. *See* Civil Local Rule 3-9(a). Although Plaintiff may regret her decision to rely on her non-lawyer daughter to represent her in this case, "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge . . . For purposes of subsection (b)(1), parties should be bound by and accountable for [their] deliberate actions." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006). Moreover, Plaintiff had time to address the concerns in the Court's OSC,

-4-

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER;
Case No: 3:20-cv-00725-JD
7129718.7

by demonstrating to the Court that either she had the capacity to represent herself or an attorney would represent her, but she failed to do so. The OSC clearly stated: "The Court was advised that Javier's daughter was trying to help her with the case, but she is not an attorney and cannot represent Javier." Dkt. 68 (citing Civil L.R. 3-9). Plaintiff failed to respond to the OSC or otherwise demonstrate that she was capable of prosecuting her claims, and the Court correctly dismissed this case and entered judgment in Defendant's favor. Dkt. 72, 73.

Even as a pro se claimant, Plaintiff was bound to follow the Court's OSC. *See Castillo*, 2021 WL 4619919, at *5 (denying Rule 60(b) motion where a pro se plaintiff failed to comply with court orders). This is consistent with "Ninth Circuit cases [that] demonstrate a clear preference to dismiss with prejudice actions where the plaintiff failed to prosecute or comply with court orders, whether or not the plaintiff is proceeding pro se." *Fry v. Solomon*, No. CV 08-475, 2009 WL 10731039, at *2 (D. Or. Jun. 8, 2009) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (pro se litigant's case dismissed for failure to follow court orders)); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (same); *Graham v. Larza*, No. CV 07-00989 JFW, 2008 WL 4792420, at *5 (C.D. Cal. Oct. 28, 2008) (same); *see also* Civil L.R. 3-9 ("Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court. A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules").

Plaintiff alleged mistakes of law, even if true, do not justify relief under Federal Rule 60(b)(1), and her Motion should be denied.

**B.     Plaintiff's Motion does not address her inability to prosecute this lawsuit.**

Plaintiff now claims that she is capable of representing herself in this lawsuit, but this assertion is unsupported by any evidence in the record and is in direct contravention of the psychiatric report included with Plaintiff's February 6, 2023 letter. Dkt. 69. In her February 6, 2023 letter, Plaintiff's treating psychiatric physician unequivocally stated:

> This patient suffers from a severe psychiatric illness that presents with paranoia, auditory hallucinations and agitation. I have no doubt that these symptoms would be exacerbated in a court hearing. As such, it is my professional opinion that Ms. Javier is not able to represent herself in a courtroom in a clear and constructive way.

-5-

Dkt. 69, p. 4. This letter was submitted just three months ago, and it was based on a visit from earlier this year. *Id.* In January 2022, Plaintiff had filed a letter from that same physician that stated that "[d]ue to this illness, she is medically unable to be present in the courtroom. Her disability is permanent so this medical excuse should be as well." Dkt. 63 at p. 5. The Court correctly concluded that the February 6, 2023 letter "did not respond to the Court's concerns" (Dkt. 72), and Plaintiff has not provided any evidence that her circumstances have changed such that the Court should alter its order dismissing her case.

Plaintiff's representation that she can now represent herself in this case, without anything more, is insufficient to respond to the Court's concerns in its OSC and is a further reason to deny her Motion. *See, e.g., Sledge v. Koening*, No. SACV 18-865-CAS, 2018 WL 6074586 (C.D. Cal. Aug. 27, 2018) (denying motion for relief from judgment for failure to prosecute where "arguments presented in Petitioner's Motion do not remedy the deficiencies of the Petition discussed in the OSC"). Although Defendant is sympathetic to Plaintiff's condition, she remains unable to prosecute this lawsuit under the record before the Court. Reopening this case would continue to waste judicial resources because this case will continue to languish on the Court's docket, as it has been for more than three years.

## V. CONCLUSION

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's request for relief from the Order and Judgment because Plaintiff has not met her burden of showing justification for this extraordinary relief.

DATED: May 17, 2023                             TRUCKER ✦ HUSS, APC

By: */s/ Clarissa A. Kang*
    Clarissa A. Kang
    Dylan D. Rudolph
    Catherine L. Reagan
    Attorneys for DEFENDANT
    KAISER FOUNDATION HEALTH
    PLAN, INC.

# CERTIFICATE OF SERVICE

I, Michelle Ayala, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am employed in the City and County of San Francisco, California. My business address is 135 Main Street, 9th Floor, San Francisco, California 94105. On the date indicated below, I served the within:

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**

to the addressee(s) and in the manner indicated below:

Lia C. Javier
805 Fieldstone Court
Brentwood, CA 94513
Telephone: (510) 701-1771
Email: shecancer777@yahoo.com

☒ **BY ELECTRONIC MAIL**: Pursuant to the Plaintiff's and KFHP's agreement to electronic service, on the above-mentioned date, I served a full and complete copy of the above-referenced document[s] by electronic mail to the person[s] at the email address[es] indicated.

I certify under penalty of perjury that the foregoing is true and correct, and that this Certificate of Service was executed by me on May 17, 2023, at San Francisco, California.

/s/ *Michelle Ayala*
Michelle Ayala

CERTIFICATE OF SERVICE
Case No: 3:20-cv-00725-JD
7129718.7